987 F.2d 376
 61 USLW 2543, 25 Fed.R.Serv.3d 261,
16 Employee Benefits Cas. 1698
 THIOKOL CORPORATION; Morton International, Inc., as
successors through corporate reorganization to
Morton Thiokol, Inc.; and Bee Chemical
Company, Plaintiffs-Appellants,
v.
DEPARTMENT OF TREASURY, STATE of MICHIGAN, REVENUE DIVISION;
Douglas B. Roberts, in his official capacity as Treasurer
of the State of Michigan; and Thomas M. Hoatlin, in his
official capacity as Commissioner of Revenue of the State of
Michigan, Defendants-Appellees,
Robert Bowman, formerly Treasurer of the State of Michigan
in his official capacity; and Melvin Van Vorst, former
Acting Commissioner of Revenue of the State of Michigan, in
his official capacity, Defendants.
 No. 92-1611.
 United States Court of Appeals,
Sixth Circuit.
 Argued Jan. 25, 1993.
Decided March 5, 1993.
Rehearing Denied May 3, 1993.
 
 James H. Geary (argued and briefed), Howard & Howard, Kalamazoo, MI, for plaintiffs-appellants.
 Thomas L. Casey, Office of Atty. Gen., Appellate Div., Steven D. Hughey (argued and briefed), Russell E. Prins, Office of the Atty. Gen. of Mich., Lansing, MI, for defendants-appellees.
 Before: KENNEDY and GUY, Circuit Judges; and BROWN, Senior Circuit Judge.
 KENNEDY, Circuit Judge.
 
 
 1
 Plaintiffs appeal an order dismissing their complaint in this ERISA action challenging various provisions of the Michigan Tax Code. On January 16, 1990, Thiokol Corporation, Morton International, Inc. and Bee Chemical Company ("plaintiffs"), all Michigan corporations, sued the Revenue Division of the Michigan Department of Treasury, Douglas B. Roberts, in his official capacity as Treasurer of the State of Michigan and Thomas M. Hoatlin, in his official capacity as Commissioner of Revenue of the State of Michigan ("defendants") in federal district court.[1] Under Michigan's Single Business Tax ("SBT"), contributions to employee benefit plans are taxed. Mich.Comp. Laws §§ 208.4(3), 208.9(5). In their complaint, the plaintiffs sought declaratory, injunctive and monetary relief. In count I, plaintiffs sought a declaration that these provisions of the SBT were invalid and preempted by section 514(a) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1144(a). In count II, plaintiffs asked the court to enjoin the collection of taxes based on the payment by employers to employee welfare benefit plans and to prohibit defendants from refusing to honor their refund requests. In count III, plaintiffs requested that taxes that they had allegedly erroneously overpaid, be refunded with interest.
 
 
 2
 On April 15, 1992, the District Court adopted the magistrate judge's Report and Recommendation, which found that the suit was barred by the Eleventh Amendment and the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, as the opinion of the court. The District Court ordered that the plaintiffs' motions for partial summary judgment and leave to file a second amended complaint be denied, and that the defendants' motion for dismissal be granted. This timely appeal followed. For the reasons stated below, we affirm in part and reverse in part.
 
 I.
 
 3
 Two jurisdictional issues of first impression in this Circuit are presented in this appeal. The first involves the intersection of ERISA and the TIA; whether the TIA bars ERISA challenges to state taxes in federal court. The second asks whether by passage of ERISA, Congress intended to abrogate the states' immunity guaranteed by the Eleventh Amendment and subject them to ERISA suits in federal court.
 
 A.
 The Tax Injunction Act
 The TIA provides:
 
 4
 The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.
 
 
 5
 28 U.S.C. § 1341. The TIA reflects "the fundamental principle of comity between federal courts and state governments that is essential to 'Our Federalism,' particularly in the area of state taxation." Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100, 103, 102 S.Ct. 177, 179, 70 L.Ed.2d 271 (1981). This exclusion of federal courts from the state taxation area is so far reaching it precludes federal courts from declaring state tax laws unconstitutional. Id. (citing Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943)). Although the TIA mentions only injunctions, its policy of comity bars declaratory judgment and 42 U.S.C. § 1983 damage actions as well. Id. at 105.
 
 
 6
 ERISA contains an exclusive federal jurisdiction provision that is also very broad. Section 502(e)(1) provides that:
 
 
 7
 [T]he district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary or fiduciary.
 
 
 8
 29 U.S.C. § 1132(e)(1). This grant of exclusive federal jurisdiction intersects with the TIA's bar of federal jurisdiction and creates the issue in this case.
 
 
 9
 The issue of whether the TIA bars challenges to state tax laws under ERISA in federal courts was expressly reserved by the Supreme Court in Franchise Tax Board of California v. Construction Laborers Vacation Trust For Southern California, 463 U.S. 1, 20 n. 21, 103 S.Ct. 2841, 2852 n. 21, 77 L.Ed.2d 420 (1983).
 
 
 10
 We express no opinion, however, whether a party in CLVT's position could sue under ERISA to enjoin or to declare invalid a state tax levy, despite the Tax Injunction Act, 28 U.S.C. § 1341. See California v. Grace Brethren Church, 457 U.S. 393 [102 S.Ct. 2498, 73 L.Ed.2d 93] (1982). To do so, it would have to show either that state law provided no "speedy and efficient remedy" or that Congress intended [section] 502 of ERISA to be an exception to the Tax Injunction Act.
 
 
 11
 To decide this issue, which is squarely before us, we must first determine whether a "plain, speedy and efficient" remedy exists in the Michigan courts, and then, if necessary, determine whether Congress, in passing ERISA, intended to create an exception to the TIA.
 
 
 12
 Whether a "plain, speedy and efficient" state remedy exists in this case depends on whether the Michigan courts have jurisdiction to decide plaintiffs' ERISA claims despite ERISA's grant of exclusive federal jurisdiction. If they do not, there is, of course, no state remedy. This Circuit has stated that the statutory grant of exclusive jurisdiction in a particular court strips other courts of their original jurisdiction in all cases covered by the statute. Greater Detroit Resource Recovery Authority v. EPA, 916 F.2d 317, 322 (6th Cir.1990). Similarly, the D.C. Circuit has found it "well settled that ... a statute which vests jurisdiction in a particular court cuts off original jurisdiction in other courts in all cases covered by that statute." Telecommunications Research & Action Center v. FCC, 750 F.2d 70, 77 (D.C.Cir.1984) (citations omitted). See also Mississippi v. Louisiana, --- U.S. ----, 113 S.Ct. 549, 121 L.Ed.2d 466 (1992) (28 U.S.C. § 1251(a), which gives "original and exclusive jurisdiction" over all controversies between the states to the Supreme Court, necessarily denies jurisdiction of such cases to any other federal court). Accordingly, we find that ERISA's express grant of exclusive jurisdiction to the federal courts divests state courts of jurisdiction to hear claims brought under ERISA. Accord E-Systems, Inc. v. Pogue, 929 F.2d 1100, 1102 (5th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 585, 116 L.Ed.2d 610 (1991). Cf. Shofer v. Hack Co., 970 F.2d 1316, 1319 (4th Cir.1992) (where ERISA claims are within the exclusive jurisdiction of the federal courts, state courts are plainly without jurisdiction); Pension Trust Fund for Operating Engineers v. Triple A Machine Shop, 942 F.2d 1457, 1461 (9th Cir.1991) (because of the exclusive jurisdiction of federal courts over ERISA § 502(a)(3) claims, state court had no jurisdiction to hear these claims). But see Barnes v. E-Systems, Inc., --- U.S. ----, ----, 112 S.Ct. 1, 3, 115 L.Ed.2d 1087 (1991) (Scalia, Circuit Justice)[2] ("That is not an inevitable implication, and perhaps not a likely one.").
 
 
 13
 The lower court recognized that federal courts have exclusive jurisdiction of all cases "brought under" ERISA. It concluded, however, that the instant case merely involved an ERISA issue. It concluded that "the state courts lack jurisdiction to determine ERISA preemption only when the plaintiffs' cause of action falls within the scope of section 502(a) of ERISA, that is, if the action is one by a participant, beneficiary, or fiduciary for relief under ERISA, to enjoin an act or practice violating ERISA, or to obtain other relief enumerated in section 502(a)." It further concluded that all of the plaintiffs' claims fall outside of section 502(a), relying upon Franchise Tax Board, supra. In Franchise Tax Board, the Supreme Court ordered a remand of an action to state court, even though the central issue in the case was ERISA preemption. 463 U.S. at 28, 103 S.Ct. at 2856. However, in Franchise Tax Board, the state had sued CLVT in state court seeking 1) to enforce levies against funds covered by ERISA, and 2) a declaration that such levies were valid in anticipation of the defendant's ERISA preemption defense. The defendants removed the case to federal district court under 28 U.S.C. § 1441. The Court held that under the well-pleaded complaint rule, the case was not removable despite the fact that the federal defense was the only question truly at issue, because the plaintiff's claims did not arise under federal law.
 
 
 14
 "A suit arises under the law that creates the cause of action." Id. at 8-9, 103 S.Ct. at 2846 (quoting American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916)).
 
 
 15
 Section 502(a)(3) of ERISA, [29 U.S.C. § 1132(a)(3),] specifically grants trustees of ERISA-covered plans like CLVT a cause of action for injunctive relief when their rights and duties under ERISA are at issue, and that action is exclusively governed by federal law....
 
 
 16
 The express grant of federal jurisdiction in ERISA is limited to suits brought by certain parties ... as to whom Congress presumably determined that a right to enter federal court was necessary to further the statute's purposes. It did not go so far as to provide that any suit against such parties must also be brought in federal court when they themselves did not choose to sue.
 
 
 17
 ....
 
 
 18
 ERISA carefully enumerates the parties entitled to seek relief under [section] 502; it does not provide anyone other than participants, beneficiaries, or fiduciaries with an express cause of action for a declaratory judgment on the issues in this case. A suit for similar relief by some other party does not "arise under" that provision.
 
 
 19
 Id. at 19-21, 27, 103 S.Ct. at 2851-52, 2855 (footnotes omitted) (emphasis in original). The Court twice warned that it was expressing no opinion as to the effect of the Tax Injunction Act. Id. at 20 n. 21, 27 n. 31, 103 S.Ct. at 2851 n. 21, 2855 n. 31. However, the above passages tell us that a claim brought by a fiduciary under section 502(a)(3) is considered a claim brought under ERISA. Because the Franchise Tax Board was not an "enumerated party" under section 502(a), the Court held that the Board's claim for declaratory relief on the preemption issue did not arise under ERISA. Under these circumstances, the exclusive federal jurisdiction provision, 29 U.S.C. § 1132(e)(1), is inapplicable and state courts are free to decide the ERISA preemption issue.
 
 
 20
 Plaintiffs seek two kinds of relief, a refund for past taxes paid and injunctive or declaratory relief to prevent future collection. Plaintiffs' claim for a refund is created by state law, M.C.L.A. § 205.1 et seq. Even though entitlement to a refund will be dependent upon ERISA preemption, section 502(a) does not expressly create a refund cause of action. It is possible that section 502(a)(3)(B)(i), which creates a cause of action for obtaining "equitable relief" to redress ERISA violations, encompasses the refund of monies wrongfully collected. However, we do not decide the issue of whether plaintiffs' claim for a state tax refund arises under ERISA because, as discussed below, the Eleventh Amendment bars all claims for monetary relief against defendants.
 
 
 21
 ERISA does, however, expressly create an injunctive remedy. Section 502(a)(3) provides in pertinent part:
 
 
 22
 A civil action may be brought--
 
 
 23
 ....
 
 
 24
 [B]y a ... fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter, ... or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter....
 
 
 25
 29 U.S.C. § 1132(a)(3).[3] Section 502(a)(3)(B) has been interpreted as creating a cause of action for a declaratory judgment. Franchise Tax Board, 463 U.S. at 27 n. 31, 103 S.Ct. at 2855 n. 31 (citing Cutaiar v. Marshall, 590 F.2d 523, 527 (3d Cir.1979)). We find that plaintiffs' claims for injunctive and declaratory relief against defendants are brought under ERISA. Therefore, under Franchise Tax Board, the exclusive federal jurisdiction provision of ERISA, 29 U.S.C. § 1132(e)(1), applies, and under these circumstances, the Michigan courts lack jurisdiction to decide these ERISA claims.
 
 
 26
 Because the Michigan courts lack the jurisdiction to decide the plaintiffs' injunctive and declaratory ERISA claims, the plaintiffs are without a "plain, speedy and efficient" remedy at state law. Thus, the District Court has jurisdiction over those challenges to Michigan's tax code under ERISA seeking injunctive and declaratory relief. Because we find that the "plain, speedy and efficient" exception to the TIA applies here, we find it unnecessary to decide whether Congress intended section 502 of ERISA to be an exception to the TIA.
 
 B.
 The Eleventh Amendment
 The Eleventh Amendment provides:
 
 27
 The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of Subjects of a Foreign State.
 
 
 28
 U.S. Const. amend. XI. This immunity is far reaching. It bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100-01, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), by citizens of another state, foreigners or its own citizens. Hans v. Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). The amendment also bars suits for monetary relief against state officials sued in their official capacity. However, the amendment does not preclude actions against state officials sued in their official capacity for prospective injunctive or declaratory relief. Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).
 
 
 29
 The Eleventh Amendment has no application under two circumstances: 1) where a state has itself waived its immunity from federal suit; and 2) where Congress has abrogated the states' immunity. The plaintiffs make no argument for waiver, but do argue that Congress intended to abrogate the states' immunity by passing ERISA.
 
 
 30
 Congress may override the states' Eleventh Amendment immunity when it acts pursuant to its powers under the Fourteenth Amendment, Dellmuth v. Muth, 491 U.S. 223, 227, 109 S.Ct. 2397, 2400, 105 L.Ed.2d 181 (1989) (citing Fitzpatrick v. Bitzer, 427 U.S. 445, 456, 96 S.Ct. 2666, 2671, 49 L.Ed.2d 614 (1976)), or pursuant to the Commerce Clause, Pennsylvania v. Union Gas Co., 491 U.S. 1, 14-19, 109 S.Ct. 2273, 2281-84, 105 L.Ed.2d 1 (1989) (plurality opinion). The Supreme Court has set forth and adhered to a strict test for Congressional elimination of state sovereignty. This test requires unequivocal and textual support:
 
 
 31
 Congress may abrogate the States' constitutionally secured immunity from suit in federal court only by making its intention unmistakably clear in the language of the statute.
 
 
 32
 Atascadero State Hospital v. Scanlon, 473 U.S. 234, 242, 105 S.Ct. 3142, 3147, 87 L.Ed.2d 171 (1985). While falling short of requiring Congress to explicitly annul state immunity by making reference to the Eleventh Amendment or state sovereign immunity, see Dellmuth, 491 U.S. at 233, 109 S.Ct. at 2402 (Scalia, J., concurring), the Court has consistently found no abrogation in the absence of the requisite clear statutory language the Atascadero test requires. See Dellmuth, 491 U.S. at 227-32, 109 S.Ct. at 2399-402 (the Education of the Handicapped Act ("EHA") does not abrogate state immunity); Welch v. Texas Department of Highways & Public Transportation, 483 U.S. 468, 475, 107 S.Ct. 2941, 2947, 97 L.Ed.2d 389 (1987) (Congress did not express in "unmistakable statutory language" its intention to abrogate state immunity under the Jones Act); Atascadero, 473 U.S. at 242-46, 105 S.Ct. at 3147-49 (statutory language of the Rehabilitation Act not sufficiently clear to abrogate state immunity).
 
 
 33
 In Union Gas, the Supreme Court held that the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), as amended by the Superfund Amendments and Reauthorization Act of 1986 ("SARA"), abrogated the states' Eleventh Amendment immunity to be free from suits in federal court. The Court found in CERCLA's text the clear and unmistakable statutory language it found lacking in the EHA, the Jones Act and the Rehabilitation Act. What distinguishes CERCLA are its provisions expressly subjecting states to suit for money damages under CERCLA.
 
 
 34
 Under CERCLA's liability scheme, persons who own or operate hazardous waste facilities or who transport or dispose of hazardous waste are liable for all costs of removal and remediation at the site. 42 U.S.C. § 9607(a). States are expressly included in the statute's definition of "persons" potentially liable under CERCLA. Id. § 9601(21). CERCLA also expressly provides that states are to be treated in exactly the same manner as nongovernmental owner/operators, in all but one circumstance, including liability. Id. § 9601(20)(D). The Court found it "highly significant" that Congress used language almost identical to the language of the provision waiving federal immunity to CERCLA suits in the state liability section. Another section of the statute provides that states will not be liable where "actions taken in response to an emergency created by the release or threatened release of a hazardous substance generated by or from a facility owned by another person." It continues, "[t]his paragraph shall not preclude liability for costs or damages as a result of gross negligence or intentional misconduct by the State or local government." Id. § 9607(d)(2). The Court concluded that the limitations on the states' liability found in sections 9601(20)(D) and 9607(d)(2) presupposed that states were liable as a general rule. Union Gas, 491 U.S. at 8, 10, 109 S.Ct. at 2277-78, 2279. Based on the above language, the Court held that "the language of CERCLA as amended by SARA clearly evinces an intent to hold States liable in damages in federal court." Id. at 13, 109 S.Ct. at 2280.
 
 
 35
 When compared to the statutory language interpreted by the Union Gas Court, the text of ERISA falls short of the clarity by which Congress expressed its intent to subject states to federal suits under CERCLA. In Dellmuth, Welch, and Atascadero, the only statutory support for abrogation was a general authorization for suits in federal court. The Court found that "[a] general authorization for suit in federal court is not the kind of unequivocal statutory language sufficient to abrogate the Eleventh Amendment." Dellmuth, 491 U.S. at 231, 109 S.Ct. at 2402 (quoting Atascadero, 473 U.S. at 246, 105 S.Ct. at 3149). In addition to granting federal jurisdiction, ERISA provides for exclusive federal jurisdiction over all civil actions brought under ERISA. 29 U.S.C. § 1132(a). ERISA also preempts all state laws relating to employee benefit plans, Id. § 1144(a), including state tax laws. Id. § 1144(b)(5)(B)(i). Plaintiffs argue that when viewed together, these provisions require them to bring their preemption suit against the state in federal court. While no provision expressly excludes states as potential defendants, neither does any provision expressly include states or waive their traditionally held immunity from suits in federal court. In the absence of unmistakably clear language, we cannot hold that ERISA abrogates the Eleventh Amendment.
 
 
 36
 This conclusion does not render section 1144(b)(5)(B)(i), subjecting state tax laws to ERISA's preemption provision, meaningless. Application of the Eleventh Amendment has the following effects: 1) all claims against the Department of Treasury are barred; and 2) all claims against all parties for monetary relief are also barred. We hold that neither the Eleventh Amendment nor the TIA bars plaintiffs from suing defendant officials Roberts and Hoatlin in their official capacity for prospective declaratory and injunctive relief.
 
 II.
 
 37
 Motion for Leave to File Second Amended Complaint
 
 
 38
 Plaintiffs sought to add a claim under 42 U.S.C. § 1983 for violation of the Commerce Clause. Where a response to a complaint has been filed, the plaintiff may amend the complaint "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The defendants did not consent to the amendment. The Supreme Court has set forth the general standard to be used under Rule 15(a):
 
 
 39
 If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be "freely given."
 
 
 40
 Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). This Circuit has addressed the issue of "futility" in the context of motions to amend, holding that where a proposed amendment would not survive a motion to dismiss, the court need not permit the amendment. Neighborhood Development Corp. v. Advisory Council on Historic Preservation, 632 F.2d 21, 23 (6th Cir.1980).
 
 
 41
 The District Court found that it would be futile for plaintiffs to amend their complaint to add a claim under section 1983. Congress did not intend to abrogate the states' Eleventh Amendment immunity by passing section 1983. Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). The Supreme Court has held that a state is not a "person" who can be sued as that term is used in section 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 67, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). These holdings apply also to claims against officials acting in their official capacities. Id. at 71, 109 S.Ct. at 2312.
 
 
 42
 The proposed claim for refund of taxes paid would not be able to withstand a motion to dismiss by the Department of Treasury since as part of the state it is immune under the Eleventh Amendment, and it is not a "person" within the meaning of section 1983. Nor would that proposed claim be able to withstand a motion to dismiss by the named officials. This Court has held that section 1983 plaintiffs must clearly set forth in their pleadings that they are suing the officials in their individual capacities for damages, not simply in their capacities as state officials. Hardin v. Straub, 954 F.2d 1193, 1199 (6th Cir.1992); Wells v. Brown, 891 F.2d 591, 592 (6th Cir.1989). Failure to clearly name the officials in their individual capacities mandates the conclusion that jurisdiction is lacking over any possible claims against the officials in their individual capacities. Id. at 593-94. Moreover, since plaintiffs seek judgment for taxes unlawfully collected and retained by the treasury of the state, the proposed claim can only be against the officials in their official capacities. Further, since the amended claim was to be based on the Commerce Clause where there is no exclusive jurisdiction in the federal courts, plaintiffs would have a speedy and efficient remedy in state courts and the suit would be barred by the TIA. The District Court did not err in dismissing the motion to amend.
 
 III.
 
 43
 For the reasons discussed above, the District Court's decision is AFFIRMED in part and REVERSED in part. We AFFIRM the dismissal of all claims for monetary damages against all of the defendants as well as all claims against the Department of Treasury. We also AFFIRM the court's denial of the plaintiffs' motion for leave to file a second amended complaint. We REVERSE the dismissal of the claims for injunctive and declaratory relief under ERISA against the defendant officials and REMAND the case to the District Court.
 
 
 44
 In the original and first amended complaint, Robert Bowman, former Treasurer and Melvin Van Vorst, former Commissioner of Revenue of the State of Michigan were the named defendants.
 
 
 
 [2]
 Justice Scalia stayed the Fifth Circuit's judgment in E-Systems, Inc. v. Pogue that states were without jurisdiction, finding that certiorari and ultimate reversal were likely. However, the Supreme Court denied certiorari. --- U.S. ----, 112 S.Ct. 585, 116 L.Ed.2d 610 (1991)
 
 
 [3]
 Section 1144 preempts all state laws relating to employee benefit plans including state tax laws. 29 U.S.C. § 1144(a) and (b)(5)(B)(i)