Gregory JOHNSON, et al., Plaintiffs,

v.

TURNER, et al., Defendants.

No. 91–2658 MI/BRE.

United States District Court,
W.D. Tennessee,
Western Division.

June 16, 1994.

Wayne Chastain, Brett Stein, Memphis, TN, for plaintiffs.

Claudia Haltom, Memphis, TN, for defendants.

McCALLA, District Judge.

Before the court are plaintiffs' claims regarding the facial constitutionality, and constitutionally as applied, of Tennessee Code Annotated (Tenn.Code Ann.) §§ 36–2–103, 36–2–104, 36–5–101(b), and 36–5–405(c), as challenged in plaintiffs' pleadings, supplemental pleadings and briefs. The court will also consider and rule on pending motions originally filed in *Moore v. Turner,* formerly civil action number 91–2789, but currently consolidated under civil action number 91–2658. Lastly, plaintiffs' motion(s) to alter and amend pursuant to Federal Rule of Civil Procedure 59(e), filed December 13, 1993, will be decided.

I.

■ Plaintiffs' pleadings and supplemental pleadings challenge the facial constitutionality, and constitutionally as applied, of Tennessee Code Annotated (Tenn.Code Ann.) §§ 36–2–103, 36–2–104, 36–5–101(b), and 36–5–405(c). For those reasons stated below, the court will abstain from making a declaratory determination of the constitutionality of the named statutes.

Plaintiffs assert that the languages of §§ 36–5–101(b) and 36–5–405(c) are vague, ambiguous and overbroad and, therefore, violate the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. More specifically, plaintiffs challenge the constitutionality *per se* and as applied of these statutes and assert that these sections allow fathers to be summarily arrested for failure to pay child support without due process. The Juvenile Court, according to plaintiffs, must first set a contempt hearing, send notice to the father and then, if the father does not appear, issue a warrant for the attachment of the father, following a finding of probable cause. Plaintiffs contend that such procedures were not followed, especially with respect to indigent fathers.

Plaintiffs challenging §§ 36–2–103, *et seq.,* and 36–2–104 argue that these paternity statutes are unconstitutional as applied and *per se* because the statutory scheme deprives those arrested, pursuant to these statutes, of their rights as protected by the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution. More particularly they claim that § 36–2–104 authorizes the prejudgment seizure of the accused father's wages prior to a valid probable cause finding in violation of the constitution; and that § 36–2–103, *et seq.,* violates the Fourth Amendment because it allows for a "seizure" of a person without an initial determination of probable cause.

The Sixth Circuit has previously been presented with similar, if not identical, claims[1] in *Parker v. Turner,* 626 F.2d 1 (6th Cir.

---

1. Although plaintiffs apparently did not challenge any applicable statutes in the *Parker* or *Sevier* cases, *see infra,* pertinent arguments advanced by plaintiffs in those cases are virtually identical to the germane issues raised in the instant cases—whether the procedures used by the Juvenile Court violate the constitutional rights of plaintiffs.

1980) and *Sevier v. Turner*, 742 F.2d 262 (6th Cir.1987). In *Parker* the Court applied the *Younger*[2] principles of restraint. Under *Younger*, the tension between the policy against federal courts interfering with state court proceedings and the idea that federal courts exist to "fearlessly protect constitutional rights" is resolved by deferring to pending state proceedings. *Parker*, 626 F.2d at 6. The *Parker* Court determined that the Court's ruling in *O'Shea v. Littleton*, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974), *rev'ng Littleton v. Berbling*, 468 F.2d 389 (7th Cir.1972), based on *Younger* federalism principles, was controlling. The Court concluded that it should abstain from making a decision as to the allegedly widespread unconstitutional practices of the juvenile court judges (or referees) since the relief sought by plaintiffs would necessarily require monitoring of the manner in which state juvenile judges conduct contempt hearings in nonsupport cases. In his concurring decision, Judge Merritt agreed with the majority of the Court in *Parker* and determined that *Younger* principles were applicable even though there were no state cases pending against the plaintiffs because the relief sought would affect cases currently pending before state judges involving contempt proceedings against fathers who have allegedly failed to pay required alimony or child support.

Again in *Sevier, supra*, the Sixth Circuit affirmed its prior holding in *Parker* and held that:

[t]he federal courts, absent "extraordinary circumstances," must abstain from granting *declaratory* or injunctive relief because

doing so would involve unduly intrusive interference with, and monitoring of, the day-to-day conduct of state hearings and trials.

*Sevier*, 742 F.2d at 270 (emphasis added).

■ After reviewing the record before this court and the controlling law,[3] the Tennessee Attorney General's request that the court abstain from rendering a decision on the constitutionality of the named statutes is GRANTED.[4]

As noted in *Parker* the proper remedy for plaintiffs is to appeal and/or bring a habeas corpus petition in each individual case in the state court system. In the instant cases, the avenue of filing a habeas petition was, in fact, pursued by several plaintiffs with favorable results. Thus, the record is clear that Tennessee courts are willing to correct unconstitutional conduct and, therefore, federal declaratory relief is not justified. Moreover, plaintiffs have not presented any "extraordinary circumstances" which would warrant a declaratory determination.[5]

## II

With respect to the *Moore v. Turner*, previously Civil Action No. 91–2789, but currently consolidated under Civil Action No. 91–2658, the court has already granted defendant Turner's and the referee's motions for summary judgment.[6] For those reasons stated below, defendants Sheriff A.C. Gilless', Virginia Skinner's and Shelby County's motions for summary judgment[7] are GRANTED.

---

2. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

3. The Sixth Circuit has more recently acknowledged *Younger* abstention in *Mann v. Conlin*, 22 F.3d 100 (6th Cir.1994).

4. Alternatively, the *Pullman* abstention doctrine may be applicable. Under *Railroad Commission v. Pullman*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), federal courts need not construe unclear state statutes when such a construction by a state court would remove the need for a federal constitutional inquiry. *See* also *Heitmanis v. Austin*, 899 F.2d 521, 529 (1990). Since the allegedly unconstitutional statutes in the instant cases do not specifically address the need for

probable cause determinations, do not address all procedural requirements for notifying fathers who have failed to pay court ordered child support and construction of these statutes by the Tennessee courts would obviate the need for a federal constitutional inquiry, the *Pullman* abstention doctrine may apply.

5. *See* Order of June 24, 1992.

6. *Id.*

7. Pursuant to Federal Rule of Civil Procedure 12(b), the court will treat Gilless' and Skinner's motion to dismiss as a motion for summary judgment.

■ Plaintiff alleges that in November, 1989, an "attachment pro corpus" for the attachment of the body of James Henry Moore was issued by the Juvenile Court. The attachment was given or sent to Virginia Skinner, a deputy sheriff assigned to operate the Shelby County Sheriff's Fugitive Division, which is supposed to locate and arrest persons named in warrants. Skinner is alleged to have directed those persons working for her to maximize the number of arrests pursuant to a system of rewards and bonuses, as approved by defendant Gilless.

■ On January 14, 1991, two police officers arrested plaintiff Moore at his house. He was placed under arrest pursuant to the Juvenile Court attachment. Even though he professed his innocence, he was taken to the Shelby County Jail. The next day he was arraigned in Juvenile Court. At that time it appeared that the wrong person had been arrested and the court ordered that he be released. He was reincarcerated in the Shelby County Jail until he was released on January 17, 1991. In his complaint, plaintiff seeks compensatory, punitive, declaratory and injunctive relief under § 1983 against defendants acting in their official capacities.[8]

All parties agree that this is a case of mistaken identity and mistaken arrest. Likewise all parties agree that plaintiff Moore is not the person who should have been arrested by the warrant, or attachment pro corpus, which was issued by the Juvenile Court for failure to appear at a court proceeding concerning child support.

Plaintiff has asserted claims against the County.[9] Liberally construing the complaint, it appears that plaintiff may be trying to raise a claim that the County is negligent in its training and supervision of its employees under § 1983. To properly assert such a claim, plaintiff must show that a County policy or custom was the "moving force" behind the constitutional violation. *Monell v. New York City Department of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). Liability under § 1983 cannot rest solely on the basis of *respondeat superior. See Id.* Plaintiff has failed to make this showing and has failed to put forth any facts creating a genuine issue of material fact on this claim.[10] Accordingly, plaintiff's claims against Shelby County are dismissed and Shelby County is GRANTED summary judgement.

■ Likewise plaintiff's Fourth Amendment claim of false arrest fails. Although plaintiff initially styled his complaint to name two "unknown plainclothes officer[s]" these officers never became named defendants.

---

**8.** It appears from the complaint that plaintiff sued defendants Gilless and Skinner in their official capacities. *See Thiokol Corp. v. Department of Treasury,* 987 F.2d 376, 383 (6th Cir.1993) ("Failure to clearly name officials in their individual capacities mandates the conclusion that jurisdiction is lacking over any possible claims against the officials in their individual capacities.") (citing *Wells v. Brown,* 891 F.2d 591, 593–94 (6th Cir.1989)). To the extent that plaintiff may have sued defendants Gilless and Skinner in their individual or personal capacity, those claims are DISMISSED. Plaintiff's claims relying on supervisory responsibility cannot form a basis for § 1983 liability. *Monell v. Dept. of Soc. Serv.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (no *respondeat superior* liability under § 1983). Further, there are no facts in the record to support a finding that these defendants were directly involved or actively participated in the alleged events. *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.), *cert. denied,* 469 U.S. 845, 105 S.Ct. 156, 83 L.Ed.2d 93 (1984) (liability under section 1983 in a defendant's personal capacity must be predicated upon some showing of direct, active participation in the alleged mis-

conduct). Accordingly, claims against defendants Gilless and Skinner in their individual or personal capacities are dismissed and their motion for summary judgment on this issue is GRANTED.

**9.** Shelby County is a named defendant. Also, the suit against Gilless and Skinner in their official capacities appears to be a suit against the County Sheriff's Department. *See Hardin v. Straub,* 954 F.2d 1193, 1199 (1992) (suit against an official in his or her official capacity is a suit against the official's office). There has been no showing that the Sheriff's Department is a separate entity from Shelby County, and, thus, for all practical purposes, plaintiff's claims against Gilless and Skinner in their official capacities is a suit against the County.

**10.** Any claim that Shelby County is liable for the judicial decisions rendered by the referees and judges with regard to an "attachment pro corpus," is also dismissed. *See* Order filed December 6, 1993 (such decisions by the Juvenile Court Judge or referee are not "policies" of the county).

Thus, any claims against these officers, including a Fourth Amendment claim of false arrest, are DISMISSED. As stated above, defendants Gilless and Skinner do not have liability based on *respondeat superior*; therefore, any claim of false arrest against them must fail.

■ Further, applying the relevant law to these undisputed facts, plaintiff is without standing to challenge the legality or constitutionality of the statutes creating the attachment pro corpus process. Plaintiff has not alleged that he has been threatened with prosecution under this statutory scheme or that such prosecution was even remotely likely. *See Planned Parenthood Ass'n v. City of Cincinnati*, 822 F.2d 1390, 1394–96 (6th Cir.1987).[11] Consequently, plaintiff has not shown that there is a "case or controversy" between the parties and, after a review of the record, the court determines that plaintiff is not the proper proponent of the rights on which this action is based. *See Id.*

■ Finally, with regard to the apparent state law tort claim for false arrest, the court is without jurisdiction to consider it. Since plaintiff has no federal claim, the court declines supplemental jurisdiction to consider the state claim. *See* 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which the court has original jurisdiction).

Accordingly, for those reasons stated above, all remaining defendants' motions for summary judgment are GRANTED and the case of *Moore v. Turner* is dismissed.

## III

■ On December 13, 1993, plaintiffs' filed a motion to amend and alter, pursuant to FRCP 59(e), this court's December 6, 1993, order granting summary judgment to Shelby County.[12] Plaintiffs' raised the following issues in their motion: (1) whether plaintiffs' challenged the constitutionality of 42 U.S.C. § 652, referred to as Title IV, and the actual contract executed between the State of Tennessee and Shelby County; (2) whether plaintiffs' rights as protected by the Fourth, Fifth, Sixth and Fourteenth Amendments were violated by their arrest, detention and incarceration; and (3) whether the court discussed the impact of recent U.S. Supreme Court decisions.

Plaintiffs' first argument raised in support of their motion to amend and alter is unavailing. Plaintiffs' contend that they did not challenge the constitutionality of 42 U.S.C. § 652, referred to as Title IV, nor have they contested the constitutionality of the actual contract, which relates to the collection of child support monies for custodial parents, executed between the State of Tennessee and Shelby County pursuant to Title IV.

Apparently, plaintiffs are referring to page 8 of this court's order, docketed December 6, 1993, granting Shelby County Government's motion for summary judgment, titled "Constitutionality of the Contract." In that section of the order the court stated that plaintiffs' "primary issue is that the contract between the State of Tennessee and Shelby County Government ... is unconstitutional." The court determined, based on the applicable standard, that Shelby County Government acted lawfully when it entered into the contract with the State of Tennessee for providing child support services. Additionally, the court concluded that the link and/or connection between Judge Turner and the Child Support Bureau and/or Shelby County is not unconstitutional and does not violate the doctrine of separation of powers.

---

11. Plaintiff has not raised any arguments to support a claim for a violation of plaintiff's substantive due process rights. Additionally, in so far as plaintiff is seeking to set out a claim that he was deprived of procedural due process, his claim is unavailing. Courts have held that "the availability of adequate state tort remedies to redress alleged violations of procedural due process fulfills the requirements of due process." *Hood v. City of Chicago*, 1987 WL 31419, *3 (N.D.ILL. Dec. 30, 1987) (citing *Parratt v. Taylor*, 451 U.S. 527, 543, 101 S.Ct. 1908, 1917, 68 L.Ed.2d 420 (1981)). In this case, there appears to be adequate state tort remedies available.

12. Although the motion to amend is premature because there has not been an "entry of order" as contemplated by FRCP 59(e), nonetheless the court can address plaintiffs' motion. *See Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir.), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979).

With respect to plaintiffs' current motion, the court agrees that plaintiffs did not challenge the constitutionality of 42 U.S.C. § 652, which is why the court did not address that issue. Additionally, the court did not confront the issue of constitutionality of the contract, except to the extent necessary to resolve the question of whether the contract violated the doctrine of separation of powers. Accordingly, there is no need to alter or amend based on this alleged error; and, therefore, plaintiffs' motion on this point is DENIED.

Secondly, plaintiffs' assert that the court has never addressed the issue of whether plaintiffs' rights as guaranteed by the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution were violated during plaintiffs' arrest, detention, incarceration and during other pertinent times. In so far as this issue relates to arguments already considered and rejected by this court, it is DENIED. To the extent that the question raises argument(s) concerning the constitutionality of certain code sections, issues excepted from the Order of December 6, 1993, those contentions have been discussed above.

Thirdly, plaintiffs argue that the court ignored recent Supreme Court decisions when it rendered its determination. The court has reviewed plaintiffs' citations and notes that the most recent case was decided in 1988, more than 5 years prior to this court's ruling. Since plaintiffs have not presented this court with any recent decisions not already considered by this court, their motion on this question is DENIED.

SO ORDERED.