48 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 John C. HUME, Plaintiff-Appellant,
v.
Harold STERLING, individually and in his capacity as Shelby
County Assessor of Property; Bob Patterson, individually
and in his capacity as Shelby County Trustee; William N.
Morris, Jr., individually and in his capacity as Shelby
County Mayor, Defendants-Appellees.
 No. 94-6103.
 United States Court of Appeals, Sixth Circuit.
 March 10, 1995.
 
 Before: KENNEDY, KRUPANSKY and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 John C. Hume, a pro se Tennessee resident, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Secs. 1983 and 1985. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Hume sued multiple officials of Shelby County, Tennessee, contending that the method used to assess the residential property in Shelby County was illegal and arbitrary. The county officials were sued in their individual and official capacities. The district court dismissed the complaint for lack of jurisdiction.
 
 
 3
 In his timely appeal, Hume essentially argues that the district court erred by ignoring the United States Supreme Court's decision of Nordlinger v. Hahn, 112 S.Ct. 2326 (1992).
 
 
 4
 The dismissal of a complaint pursuant to Fed.R.Civ.P. 12(b)(1) is reviewed de novo. Ynclan v. Department of Air Force, 943 F.2d 1388, 1390 (5th Cir.1991).
 
 
 5
 The Tax Injunction Act, 28 U.S.C. Sec. 1341, precludes Hume from receiving the relief he seeks. The Tax Injunction Act provides, in part, that a district court cannot enjoin, suspend, or restrain the assessment, levy, or collection of any tax under state law where a speedy and efficient remedy exists in the courts of that state. Id. The Act is to prevent federal intervention with the important local concern of tax collection, see California v. Grace Brethren Church, 457 U.S. 393, 408-11 (1982); In re Gillis, 836 F.2d 1001, 1004 n. 2 (6th Cir.1988), and even precludes federal courts from declaring state tax laws unconstitutional. Thiokol Corp. v. Department of Treasury, 987 F.2d 376, 378 (6th Cir.1993). The Act is also applicable to Sec. 1983 actions challenging the validity of state tax systems. Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100, 116 (1981).
 
 
 6
 Under Tenn.Code Ann. Sec. 67-5-1511, Hume may appeal the decision of Tennessee's Board of Equalization to the state courts of Tennessee. Judicial review of the Board's decision must consist of a new hearing based on the administrative record and any additional evidence the parties may submit. Thus, Hume has a speedy and efficient remedy in the state courts of Tennessee to challenge his property assessment.
 
 
 7
 Hume contends that the district court ignored the Supreme Court's decision of Nordlinger v. Hahn, 112 S.Ct. 2326 (1992). However, Nordlinger is not applicable to this case as Nordlinger involved a question of whether California's property tax scheme violated the Equal Protection Clause. Id. at 2331-35. Here, Hume simply objects to the assessed value of his property. Further, unlike Nordlinger, Hume did not raise his objections through the state court system prior to seeking federal intervention.
 
 
 8
 Finally, Hume has not stated a claim under 42 U.S.C. Sec. 1985. See Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971); Seguin v. City of Sterling Heights, 968 F.2d 584, 590 (6th Cir.1992).
 
 
 9
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.