77 F.3d 483
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Austin SEARS, Plaintiff-Appellant,
v.
COMMONWEALTH OF KENTUCKY, CABINET FOR HUMAN RESOURCES;
Commonwealth of Kentucky Corrections Department,
Sex Offender Program, Defendants-Appellees.
 No. 95-5730.
 United States Court of Appeals, Sixth Circuit.
 Feb. 15, 1996.
 
 Before: BROWN, WELLFORD and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 Austin Sears appeals a district court judgment dismissing as frivolous his complaint filed under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101-12213. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Sears filed his complaint in the district court alleging that Kentucky's sex offender program for prisoners is ineffective and inadequately supervised. Plaintiff named as defendants only the Kentucky Cabinet for Human Resources and Corrections Department sex offender program and sought only declaratory relief. The district court dismissed the complaint sua sponte as frivolous pursuant to 28 U.S.C. § 1915(d). Thereafter, plaintiff filed an amended petition for declaratory judgment, which the district court construed as a motion for reconsideration of its judgment. The district court denied the motion for reconsideration, and plaintiff filed a timely notice of appeal. The district court granted plaintiff leave to proceed in forma pauperis on appeal. On appeal, plaintiff contends that the district court failed to consider his claims under the ADA and under 42 U.S.C. § 1983.
 
 
 3
 Upon consideration, the judgment is affirmed because the district court did not abuse its discretion in dismissing plaintiff's complaint as frivolous. See Denton v. Hernandez, 504 U.S. 25, 33 (1992). Generally, a state and its agencies are immune under the Eleventh Amendment from suit for declaratory relief. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100-01 (1984); Thiokol Corp. v. Department of Treasury, Revenue Div., 987 F.2d 376, 381 (6th Cir.1993). Plaintiff's claims are barred insofar as he asserts them under § 1983. See Wolfel v. Morris, 972 F.2d 712, 718 (6th Cir.1992). However, the Eleventh Amendment is inapplicable in cases in which Congress has abrogated states' immunity. Thiokol Corp., 987 F.2d at 381. While Congress abrogated states' Eleventh Amendment immunity in enacting the ADA, 42 U.S.C. § 12202, plaintiff's claims simply do not fall within the ambit of the ADA. See 42 U.S.C. § 12132; Clark v. Virginia Bd. of Bar Examiners, 861 F.Supp. 512, 516 (E.D.Va.1994). Therefore, dismissal of plaintiff's complaint was appropriate.
 
 
 4
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.