92 F.3d 1185
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anthony F. GIORGIO; Kathleen Giorgio, Individually and on
behalf of all other persons denied access to the
court, Plaintiffs-Appellants,
v.
STATE OF TENNESSEE, DEPARTMENT OF HUMAN SERVICES OF
NASHVILLE AND JEFFERSON COUNTY; Max Moore, Judge,
Individually and in his capacity as Jefferson County
Juvenile Court Judge and General Sessions Court Judge;
Terry Tucker, Special Judge, Individually and in his
capacity as Jefferson County Juvenile Court Judge; R.E.
Farrar, III, Individually and in his capacity as Juvenile
Court Clerk of Jefferson County; Connie Hicks, Individually
and in her capacity as Youth Services Officer of Jefferson
County; Douglas Berryhill; Donald Carter, doing business
as Budget Heating and Air Conditioning; Marsha Carter,
doing business as Budget Heating and Air Conditioning,
Defendants-Appellees.
 No. 95-6327.
 United States Court of Appeals, Sixth Circuit.
 Aug. 7, 1996.
 
 Before: GUY, RYAN, and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Anthony F. and Kathleen Giorgio (Giorgios), pro se Tennessee litigants, appeal district court orders dismissing their civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In their complaint, the Giorgios claimed that their Fifth, Eighth, and Fourteenth Amendment rights were violated because they were denied access to court documents and tapes of their own trial (apparently for child abuse); denied assistance of counsel; and prevented from appealing the decisions of the Jefferson County Juvenile and General Sessions Courts without assistance of counsel. They also claimed that certain orders and decisions were changed without notice to them or their attorney. They sought to represent a class of similarly situated persons, indigent or not, who have in the past or will in the future attempt to gain access to Jefferson County Juvenile and Sessions Courts' records for the purpose of bringing pro se appeals. The Giorgios sought declaratory, injunctive and monetary relief.
 
 
 3
 In a memorandum and order filed January 5, 1995, the district court granted the Carters' motion for summary judgment. The court also granted the Tennessee Department of Human Services' motion to dismiss. The Giorgios appealed this decision. The Sixth Circuit dismissed the appeal for lack of jurisdiction. See Giorgio v. Tennessee Dep't of Human Servs., No. 95-5152 (6th Cir. Mar. 8, 1995) (unpublished order). In a memorandum and order filed June 7, 1995, the district court granted defendant Berryhill's motion to dismiss. In a memorandum opinion and order filed September 20, 1995, the district court granted summary judgment in favor of the remaining defendants. This timely appeal followed.
 
 
 4
 Initially, we note that the district court properly denied class certification. Because a layman does not ordinarily possess the legal training and expertise necessary to protect the interests of a proposed class, courts are reluctant to certify a class represented by a pro se litigant. See 7A Wright, Miller & Kane, Federal Practice and Procedure § 1769.1 n. 12 (2d ed. 1986). See also Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir.1975) (per curiam) (pro se prisoners are not adequate representatives fairly able to represent the class). Accordingly, the district court did not err when it denied the Giorgios' request for class certification.
 
 
 5
 Upon review, we conclude that the dismissal of the claims against the Tennessee Department of Human Services (DHS) was proper because the Giorgios undoubtedly can prove no set of facts in support of their claims against the DHS that would entitle them to relief. See Wright v. MetroHealth Medical Ctr., 58 F.3d 1130, 1138 (6th Cir.1995), cert. denied, 116 S.Ct. 1041 (1996). The claims against the DHS are barred by the Eleventh Amendment. See Welch v. Texas Dep't of Highways and Pub. Transp., 483 U.S. 468, 472-73 (1987); Thiokol Corp. v. Department of Treasury, State of Mich., Revenue Div., 987 F.2d 376, 381 (6th Cir.1993). The DHS is an arm of the State of Tennessee, see Tenn.Code Ann. § 4-3-1201, and that state has not expressly waived its sovereign immunity. Furthermore, Congress did not disturb the state's Eleventh Amendment immunity when it passed § 1983. See Wolfel v. Morris, 972 F.2d 712, 718-19 (6th Cir.1992).
 
 
 6
 Upon further review, we conclude that summary judgment was proper as there were no genuine issues as to any material fact and the defendants were entitled to judgment as a matter of law. See City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 250 (6th Cir.1994). The Giorgios failed to state a prima facie case for a cause of action under § 1983 as to the Carters and defendant Berryhill. See Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978). The Carters were not state actors, as bringing a suit in state court does not transform private action into state action. Moreover, defendant Berryhill did not act as a state actor when he represented the Carters before the state courts. See Polk County v. Dodson, 454 U.S. 312, 325 (1981). In any event, because the Giorgios' allegations of a conspiracy are vague and conclusory, they are insufficient to state a claim. See Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987).
 
 
 7
 Summary judgment in favor of the remaining defendants was proper as these defendants enjoy absolute judicial immunity. See Briscoe v. LaHue, 460 U.S. 325, 335 (1983); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).
 
 
 8
 Accordingly, the district court's orders are affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.