Donald HILL, Jr., Plaintiff–Appellant,

v.

Jeff McCRABB; Tom R. Jennings; Dennis Whitney Jones; Ohio Bureau of Employment Services, Administrator, Defendants–Appellees.

No. 00–4126.

United States Court of Appeals, Sixth Circuit.

Sept. 14, 2001.

Before DAUGHTREY and GILMAN, Circuit Judges; COHN, District Judge .*

### ORDER

Donald Hill, Jr., an Ohio resident proceeding pro se, appeals a district court order dismissing his employment case. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Hill sued CM Products Company ("CM") representatives Jeff McCrabb and Tom R. Jennings; United Automobile, Aerospace, and Agricultural Implement Workers of America ("UAW") representative Dennis "Whitey" Jones; and the Administrator of the Ohio Bureau of Employment Services ("OBES"). Hill alleged that the CM defendants wrongfully terminated him, that Jones and the UAW did not support him in his dispute with CM, and that the OBES denied his unemployment claim. McCrabb and Jennings moved for judgment on the pleadings, construed as a motion for summary judgment because the motion referred to matters outside the pleadings. See Fed.R.Civ.P. 12. Defendant OBES filed a motion for summary judgment, and defendants Jones and the UAW filed a motion for judgment on the pleadings or in the alternative for summary judgment. Hill did not file responses to any of the defendants' motions. The magistrate judge recommended granting the defendants' motions. The district court adopted the magistrate judge's report over Hill's objections and dismissed the case.

In his timely appeal, Hill appears to restate the allegations from his complaint and argues that the district court erred by dismissing his case.

Upon de novo review, we conclude that the district court properly granted summary judgment to the defendants. See *Holloway v. Brush,* 220 F.3d 767, 772 (6th Cir.2000). In 1996, Hill worked for CM and was a member of UAW Local 888. Jennings terminated Hill in May 1996. Hill filed a grievance over the termination with the help of the UAW. On July 25, 1996, Hill, Jones, and McCrabb signed a settlement agreement to resolve the grievance. Under the terms of the agreement, Hill was placed on layoff without recall rights, CM promised to withdraw its appeal of Hill's unemployment claim, Hill and the UAW Local 888 accepted payment in the amount of $3500, and Hill released CM and UAW Local 888 from all claims arising under local, state, or federal law. Although the OBES denied Hill's unemployment claim, the Montgomery County Court of Common Pleas reversed the agency's decision and Hill collected $2240 in unemployment compensation. CM supported Hill's efforts to overturn the OBES's decision by submitting letters asserting that Hill was not fired for cause.

McCrabb, Jennings, UAW, and Jones were entitled to a judgment as a matter of law based on the release Hill signed. See Fed.R.Civ.P. 56(c). "A release of a cause of action for damages is ordinarily an absolute bar to a later action on any claim encompassed within the release." *Haller v. Borror Corp.,* 50 Ohio St.3d 10, 552 N.E.2d 207, 210 (Ohio 1990). Hill did not file a response to the dispositive motions filed by the defendants, so there is nothing in the record to dispute

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

the validity of the release. The trial court properly relied on the facts presented by the defendants, and the record available to this court demonstrates that Hill released any claims he may have had. *See Guarino v. Brookfield Township Tr.,* 980 F.2d 399, 404 (6th Cir.1992).

We also agree with the district court that, to the extent Hill was raising a claim under the LMRA, it was barred by the statute of limitations. The statute of limitations for bringing charges of unfair labor practices under the LMRA is six months. *See DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 169, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Hill settled his grievance in July 1996, and did not file suit in the district court until August 1999. Thus, his action was untimely.

Finally, we conclude that the district court properly granted summary judgment to the OBES on the basis of Eleventh Amendment immunity. As a state agency, the OBES was immune from Hill's action for damages and injunctive relief. *See Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996); *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.,* 987 F.2d 376, 381 (6th Cir.1993).

Hill's arguments on appeal are without merit. He appears to argue that the defendants could be liable to him under various legal theories. The release Hill signed and the doctrine of Eleventh Amendment immunity shield the defendants from any action Hill could bring arising from his termination from CM.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit. All pending motions are denied.