**Leif Paul DAMSTOFT, Plaintiff–Appellant,**

v.

**State of OHIO, Defendant–Appellee.**

**No. 01–3635.**

United States Court of Appeals, Sixth Circuit.

Oct. 30, 2001.

Before BOGGS, GILMAN, and BRIGHT,* Circuit Judges.

---

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

## ORDER

Leif Paul Damstoft, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking equitable relief, Damstoft sued the State of Ohio, essentially claiming that the Ohio election code violates the Fourteenth Amendment because presidential electors are appointed in a "winner takes all" manner. Upon review, the district court concluded that Damstoft failed to state a claim upon which relief could be granted and that it lacked jurisdiction over the case. Hence, the court dismissed the complaint. Damstoft has filed a timely appeal reasserting his claim.

The district court properly dismissed Damstoft's complaint. This court reviews de novo a district court's dismissal of a complaint under § 1915. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). In determining whether a complaint fails to state a claim, the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996) (standard of review applied in 12(b)(6) dismissal).

The district court properly dismissed Damstoft's complaint because the State of Ohio is entitled to sovereign immunity. Unless immunity is expressly waived, a state and its agencies are immune from an action for damages and injunctive relief, and in some cases even declaratory relief, in federal court. *See generally Welch v.* *Texas Dep't of Highways and Public Transp.*, 483 U.S. 468, 472–73, 107 S.Ct. 2941, 97 L.Ed.2d 389 (1987); *Thiokol Corp. v. Department of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993). The Eleventh Amendment immunity applies whether the suit is brought by citizens of another state, foreigners or citizens of the state being sued. *Thiokol Corp.*, 987 F.2d at 381. Hence, the district court properly dismissed the complaint.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.