**Herman L. DIXON, also known
as Siddiqquii Mohhommed,
Plaintiff–Appellant,**

v.

**Arlene OISTEN, et al., Defendants–
Appellees.**

**No. 02–2142.**

United States Court of Appeals,
Sixth Circuit.

May 1, 2003.

Before MOORE and ROGERS, Circuit
Judges; and KATZ, District Judge.*

*ORDER*

Herman L. Dixon, also known as Siddiqquii Mohhommed, a Michigan state prisoner, appeals pro se a district court order dismissing a civil rights complaint he filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Dixon filed a complaint naming thirty-one defendants, mainly city and state government employees. The lengthy complaint alleged wrongs against Dixon originating in 1998, including false imprisonment, malicious prosecution, the taking of his real

property without due process under a property tax foreclosure, the confiscation of other unidentified property, and complaints of various prison conditions, including retaliatory transfers and numerous instances of interference with his mail, among others. Dixon filed a motion to disqualify the assigned district court judge, claiming that he was biased due to his former employment in the St. Clair County prosecutor's office around the time of one of Dixon's previous convictions. The district court denied the motion, and subsequently screened the complaint and dismissed it sua sponte. On appeal, Dixon reasserts the validity of his claims of false imprisonment, malicious prosecution, and deprivation of property without due process. He does not address the district court's rationale for dismissing these claims, but argues that the district court judge erred in failing to recuse himself.

Upon review, we conclude that the dismissal of this complaint must be affirmed for the reasons stated by the district court. The district court properly concluded that Dixon could not file a civil rights action alleging that his conviction was invalid, as it has not been reversed. *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The district court also properly noted that Dixon's challenge to the tax foreclosure on his real property was barred by the Tax Injunction Act, 28 U.S.C. § 1341, *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.,* 987 F.2d 376, 378–79 (6th Cir.1993), and that Dixon failed to allege that state remedies were inadequate to address his claims of deprivation of other unidentified property. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 721, 119 S.Ct. 1624, 143 L.Ed.2d 882

---

* The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

(1999); *Bass v. Robinson,* 167 F.3d 1041, 1049 (6th Cir.1999). Although Dixon reasserts the validity of these claims in a conclusory fashion on appeal, he does not challenge the district court's reasons for dismissal.

Dixon does not reallege any of his claims regarding prison conditions on appeal. These claims have therefore been abandoned and need not be addressed. *Boyd v. Ford Motor Co.,* 948 F.2d 283, 284 (6th Cir.1991). Moreover, the district court properly noted that these claims were subject to dismissal for failure to exhaust administrative remedies. 42 U.S.C. § 1997e(a); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998).

The only issue presented in Dixon's brief on appeal is his allegation that the district court judge was biased against him. The judge's previous employment by the prosecutor's office while Dixon was challenging a prior conviction was not a proper basis for recusal. Events occurring during prior proceedings are not a basis for a bias motion unless deep-seated antagonism is established. *Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Dixon's argument in this regard is without support.

Accordingly, the order dismissing this complaint is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.