No. 114, Orig. LOUISIANA v. MISSISSIPPI ET AL. Motion for leave to file bill of complaint denied. [For earlier order herein, see *ante*, p. 808.]

JUSTICE WHITE, with whom JUSTICE STEVENS and JUSTICE SCALIA join, dissenting.

Louisiana's complaint against Mississippi is plainly within our original jurisdiction and alleges a boundary dispute with Mississippi, the very kind of a dispute that countless times the Court has accepted and adjudicated under its original jurisdiction. Furthermore, as 28 U. S. C. § 1251(a) prescribes, the Court has exclusive jurisdiction over controversies between States. No other court may entertain Louisiana's complaint against Mississippi.

It is true that Louisiana intervened in a dispute between private parties over the ownership of land on an island in the Mississippi River, claiming that the land was in that State. That suit might settle the dispute among the parties and the State, but a judgment that the island is in Louisiana would not bind Mississippi. For that reason, I suppose, Louisiana filed a third-party complaint against Mississippi and also sought leave to file an original action in this Court. We prefer to have disputes within our original jurisdiction settled in other fora where possible. See, *e. g.*, *Arizona* v. *New Mexico*, 425 U. S. 794 (1976). But this boundary dispute between two States is exclusively our business and, as

such, may not be adjudicated in the District Court. Had Louisiana not intervened in the private action, denying leave to file would surely be indefensible. Perhaps denial of leave to file rests on the possibility that the private action will go forward with Louisiana as a party and that a judgment unfavorable to, but binding on, Louisiana will be entered. For me, however, this is no way to treat a sovereign State that wants its dispute with another State settled in this Court. I would grant leave to file.