FOIL, Judge.
We are asked to decide whether the trial court properly dismissed as third party defendants the United States and three of its agencies from this toxic tort litigation. We hold the trial court lacked subject matter jurisdiction over all causes of action asserted against the United States and its agencies, and affirm the court’s dismissal of the third party complaints.
PROCEDURAL BACKGROUND
This lawsuit originated as a class action, filed in the 21st Judicial District, Parish of Livingston, on July 15, 1986. Plaintiffs, the Livingston Parish Police Jury and residents of Livingston Parish, sought damages against approximately 70 defendants, alleging that they lived near a hazardous waste facility known as the Combustion, Inc. site, and were injured by exposure to hazardous wastes emanating from the site. They alleged that the named defendants either generated, transported or participated in the storage of toxic wastes dumped at the site. Their petition clearly premises liability on various tort theories, including negligence and strict liability. They also alleged that the defendants were liable for all amounts necessary to repair all damages, and included in the petition a statement that vast sums of money would be required to restore the environment to its original condition and for removal of toxic wastes from the site.
Thereafter, a number of defendants petitioned for removal to the United States District Court for the Middle District of Louisiana. They sought to invoke the jurisdiction of the federal court by claiming that the plaintiffs’ petition stated causes of action under various federal environmental statutes, including the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. § 9601, et seq., which authorizes recovery for costs associated with the clean-up of hazardous waste sites. They contended, therefore, that federal question jurisdiction existed, authorizing removal of the action to federal court.
*397 After filing the petition for removal, a number of the defendants in the Livingston Parish suit filed third party petitions in federal court. The complaints were filed against the United States and three of its agencies: the United States Coast Guard, United States Mint, and United States Postal Service. In these petitions, the third party plaintiffs demanded indemnity and contribution for any sums they may have been required to pay plaintiffs in the main demand, alleging that the federal entities were responsible for generating, transporting, storing or disposing of toxic wastes at the Combustion, Inc. site. The petitions explicitly stated that these demands were premised on the actions taken by the employees and officials of these agencies while in the course and scope of their employment or under the color of office, and referred to the actions as arising under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq.; 28 U.S.C. § 1346(b). Additionally, the third party plaintiffs alleged that they were entitled to recover “response costs” under CERCLA, alleging that plaintiffs sought clean up of their properties in the main demand, and thus sought contribution from the federal entities for their share of the “response costs.” The United States filed a motion to dismiss the third party complaints, contending the third party defendants were improperly impleaded under federal procedural rules on the basis that the federal court lacked subject matter jurisdiction over the principal demands.
After taking the matter under advisement for nearly two years, the federal court declined to exercise jurisdiction over the case, remanding them back to state court. The federal court, construing only the allegations in the plaintiffs’ petitions, found they did not state a cause of action under federal law, but rather stated prima facie claims under state law, and therefore federal question jurisdiction was lacking. It further ruled that the United States defendants had been properly impleaded in accordance with federal civil procedural rules, and thus denied their motion to dismiss the complaints. 718 F.Supp. 479.
Following the remand, the plaintiffs in the principal demand moved to dismiss the United States and its agencies from the lawsuit, pursuant to a motion for a rule to show cause. They asserted that the state court lacked subject matter jurisdiction to adjudicate the claims asserted by the third party plaintiffs because exclusive jurisdiction over those causes of action was vested in the federal district courts. Although the United States was served with a copy of the rule, it declined to participate in the proceedings, stating by letter to the parties’ attorneys that it believed the state court lacked subject matter jurisdiction over the third party complaints.
Various third party plaintiffs subsequently amended their complaints to state a cause of action under La.R.S. 30:2276, Louisiana’s Hazardous Substance Remedial Action Act, and to state a cause of action individually against the United States Postal Service under this statute.
In ruling on the motion, the court found that the central issue, that is, whether Congress waived the sovereign immunity of the United States from suit, involved a subject matter jurisdictional determination, and could be raised by the parties or by the court itself. The court surmised that if the United States did not waive its immunity from suit in state court, it must logically follow that the court lacked subject matter jurisdiction to adjudicate the claims. The court then found that because all of the causes of action asserted in the third party petitions sounded in tort, they were governed by the Federal Tort Claims Act, which, pursuant to 28 U.S.C. § 1346(b), vests exclusive jurisdiction over those causes of action in the federal district courts. Finding it was powerless to hear the causes of action asserted in the third party complaints, the trial court dismissed all federal defendants from the suit. This appeal, taken by the third party plaintiffs, followed.
SOVEREIGN IMMUNITY
Appellants contend that the plaintiffs lacked standing to assert the defense of sovereign immunity on behalf of the federal defendants, contending that sovereign *398 immunity bars the exercise of the trial court’s in personam jurisdiction, and as such, may only be raised by the particular United States defendants before it. In support of the proposition that the defense exclusively challenges the authority of the trial court to render a personal judgment against the United States, appellants cite La.Code Civ.P. art. 6, which defines personal jurisdiction as “the legal power and authority of a court to render a personal judgment against a party to an action or proceeding.” They argue that because the sovereign immunity of the United States may be waived by the sovereign’s consent to suit, it logically follows that sovereign immunity is a personal jurisdictional defense, because a subject matter jurisdiction defect cannot be waived by the parties’ consent to suit.
We find, however, that the sovereign immunity defense is a challenge to the exercise of a state court’s subject matter jurisdiction. La.Code Civ.P. art. 2 defines subject matter jurisdiction as the “legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted.” Furthermore, subject matter jurisdiction cannot be conferred on a court by the consent of the parties. La.Code Civ.P. art. 3.
We reach this conclusion because of the nature of the sovereign immunity defense. It is well established that the United States, as sovereign, is immune from suit except to the extent that it consents to be sued. United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). The law is clear that in order to maintain an action against the United States or its agencies, there must be an explicit, unequivocal waiver of the sovereign’s immunity by Congress, in which, Congress, by statute, specifically consents to suit authorizing the relief sought. United States v. Testan, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); Smith v. Booth, 823 F.2d 94 (5th Cir.1987). The concept of sovereign immunity encompasses not only whether the sovereign may be sued, but also in what courts the sovereign may be sued. State of Minnesota v. United States, 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235 (1939).[1]
The U.S. Supreme Court has stated that the terms of Congress’ consent to be sued in any court define that court’s jurisdiction to entertain the suit. United States v. Sherwood, 312 U.S. at 586, 61 S.Ct. at 769; United States v. Testan, 424 U.S. at 399, 96 S.Ct. at 953. Furthermore, the cases establish that only Congress may waive the sovereign immunity of the United States. Thus, where Congress has not conferred jurisdiction over the United States on a particular court, no officer of the United States has the power to give any court jurisdiction over a suit against the United States. State of Minnesota v. United States, 305 U.S. at 388-389, 59 S.Ct. at 295. The particular federal defendant cannot, by consent to suit, confer jurisdiction where Congress has not explicitly consented to a suit. Smith v. Booth, 823 F.2d at 96. In this case, the United States Coast Guard, for instance, could not by its actions waive the sovereign’s immunity. Therefore, the mere fact that the sovereign’s immunity may be waived does not suffice to characterize it as a defense to the court’s exercise of personal jurisdiction, as appellants suggest.
Several federal courts have squarely held that sovereign immunity questions a court’s subject matter jurisdiction. McCarthy v. United States, 850 F.2d 558 (9th Cir.1988), cert. denied, — U.S.-, 109 S.Ct. 1312, 103 L.Ed.2d 581 (1989); Mellos v. Brownell, 250 F.2d 35 (D.C.Cir. 1957). Further, unless Congress authorizes suit against the sovereign in state court, the principle of sovereign immunity bars the exercise of a state court’s subject matter jurisdiction. Reid v. United States, 715 F.2d 1148 (7th Cir.1983); Jack Walters & Sons Corp. v. United States, Farmers *399 Home Administration, 662 P.Supp. 226 (E.D.Wis.1987). A state court simply cannot adjudicate a particular cause of action in the absence of an act of Congress authorizing it to assert jurisdiction over a claim against the sovereign.
Based on the above precepts of law, we conclude the question of sovereign immunity addresses itself to the trial court’s subject matter jurisdiction. Since the sovereign immunity defense challenges the inherent authority of the trial court to adjudicate the cause before it, it may be raised at any time, by any of the parties, or by the court on its own motion. La.Code Civ.P. art. 925; Louisiana Power and Light Company v. City of Houma, 229 So.2d 202 (La.App. 1st Cir.), writ refused, 254 La. 1165, 229 So.2d 350 (1969). Finding the issue was properly before the court, we must next determine whether Congress has authorized suit in state court on the particular causes of action asserted by the appellants in their third party complaints against the United States and its agencies.[2]
THE THIRD PARTY COMPLAINTS
The allegations in the third party complaints can be summarized into three major categories. First, the petitioners seek indemnity and contribution from the federal entities, alleging that they were responsible for generating, transporting and disposing of hazardous wastes at the site, and therefore are liable for all or part of the plaintiffs’ main demands. Secondly, the petitions allege that the plaintiffs in the principal demand are seeking to recover for the cost of clean-up of the property, and therefore, under CERCLA, the third party plaintiffs have a cause of action against the federal entities for “recovery costs” authorized by that provision. Finally, the complaints allege that the United States defendants are liable under Louisiana law, specifically, La.R.S. 30:2276. We address these causes of action in turn.
It is clear that the causes of action asserted in the first two categories fall under the Federal Tort Claims Act and CERCLA, and cannot be heard in state court. The FTCA contains an express waiver of immunity of the United States from suit. 28 U.S.C. § 2674 provides that “[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances ...” 28 U.S.C. § 1346(b), however, vests exclusive jurisdiction over causes of action arising under the FTCA in the federal district courts. It states:
28 § 1346. United States as defendant
(b) Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.
State courts thus have no jurisdiction to hear claims against the United States *400 which fall under the FTCA. Houston v. United States Postal Service, 823 F.2d 896 (5th Cir.1987), cert. denied, 485 U.S. 1006, 108 S.Ct. 1470, 99 L.Ed.2d 699 (1988). Likewise, appellants’ claims for recovery costs under CERCLA cannot be heard in state courts. Although CERCLA expressly states that the United States shall be subjected to liability under its provisions, 42 U.S.C. § 9620, again, with very limited exceptions not applicable in this ease, Section 9613 of CERCLA vests exclusive jurisdiction over controversies arising under it in the federal district courts.
More troublesome, however, is the issue of whether the appellants’ claims asserted under Louisiana law, pursuant to La.R.S. 30:2271, et seq., entitled “Liability for Hazardous Substance Remedial Action,” can be heard in state court against the United States Postal Service. In their third party complaints, appellants stated a cause of action against the federal defendants under La.R.S. 30:2276, which states, in pertinent part:
30 § 2276. Finding of liability by the court
G. Those participating parties who agree to clean up the pollution source or facility prior to the initiation of suit may sue and recover from any other nonparticipating party who shall be liable for twice their portion of the remedial costs. Prior to any suit by a participating party for recovery of their portion of the remedial costs, the participating party shall make a written demand on any nonparticipating party they intend to sue requiring payment of that portion the nonparticipating party would be liable for if he participated.
Appellants alleged they were participating in the clean-up of the hazardous waste site, and despite demand, the United States and its agencies failed to participate in the clean-up.[3]
Appellants contend that Congress waived the sovereign immunity of the United States Postal Service, and explicitly authorized the asserted cause of action to be heard in state court against the Postal Service. In support thereof, they rely on the Postal Service Act, 39 U.S.C. § 401(1) which states that the Postal Service has the power to “sue and be sued in its official name.” The use of the term “sue and be sued” constitutes a waiver of the sovereign immunity of the Postal Service. Insurance Company of North America v. United States Postal Service, 675 F.2d 756 (5th Cir.1982). The federal courts have given such “sue and be sued” clauses a liberal construction, finding that this language constitutes a broad waiver of the Postal Service’s sovereign immunity. See Franchise Tax Board of California v. United States Postal Service, 467 U.S. 512, 104 S.Ct. 2549, 81 L.Ed.2d 446 (1984). The courts thus presume that the Postal Service is no less subject to liability for its acts than any other business enterprise. Id. at 520, 104 S.Ct. at 2554; Active Fire Sprinkler Corp. v. United States Postal Service, 811 F.2d 747 (2d Cir.1987).
Further, the Act vests concurrent jurisdiction over claims brought against the Postal Service in federal and state courts. Specifically, it provides that the “United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service.” 39 U.S.C. § 409. The waiver of sovereign immunity is not complete, however. 39 U.S.C. § 409(c) provides that the provisions of Title 28 relating to tort claims, including the provisions of the FTCA, shall apply to tort claims arising out of the activities of the Postal Service. Therefore, with respect to those actions “sounding in tort,” the remedies and restrictions of the FTCA apply, one of which is to vest exclusive jurisdiction over the claims in federal courts. 28 U.S.C. § 1346(b); Insurance Company of North America v. United States Postal Service, 675 F.2d at 758.
In an effort to avoid application of 39 U.S.C. § 409(c), the appellants argue that their cause of action against the Postal Service, based on La.R.S. 30:2276, does not *401 “sound in tort,” but is rather based on a state environmental regulatory scheme which imposes absolute or strict liability on various parties, requiring all responsible parties to participate in site remediation, thus creating liability without regard to fault. They argue that this is not a tort action designed to recompense a damaged party, but is designed to ensure proper remedial action to protect the public health.
We disagree with this characterization, and find this cause of action “sounds in tort” and falls under the FTCA. Clearly, La.R.S. 30:2276, by authorizing a participating party to recover twice its costs against a non-participating party, is in effect allowing recovery of damages for the failure of other responsible parties to aid in the clean-up. As such, the action sounds in tort, and therefore falls under the exception to the broad waiver of the Postal Service’s immunity from suit under 39 U.S.C. § 409(c). Accordingly, these claims may not be heard in state court, and the trial court properly recognized the subject matter jurisdictional defect, thereby dismissing the Postal Service from the lawsuit.[4]
CONCLUSION
Based on the foregoing, we affirm the trial court’s dismissal of all actions against all United States defendants on the basis that it lacked subject matter jurisdiction to adjudicate the claims. Costs of this appeal are assessed to appellants.
AFFIRMED

. The removability doctrine, discussed in State of Minnesota v. United States, 305 U.S. at 388-389, 59 S.Ct. at 295, has subsequently been repudiated by federal statute. See 28 U.S.C. § 1441(e).

. Appellants argue that unlike the federal district courts, our state courts are courts of general, and “unlimited” jurisdiction, and thus contend that the trial court has subject matter jurisdiction over all of their claims. Although Louisiana district courts possess general jurisdiction, that jurisdiction is not unlimited, but is necessarily limited by the power and authority of the court to grant the relief sought by the parties. Swain v. Swain, 339 So.2d 453 (La.App. 1st Cir.1976). As we have shown, sovereign immu-563 So.2d — 11 nity is one limitation on the exercise of subject matter jurisdiction by a state court over claims against the United States. Further, it is axiomatic that a state cannot exercise subject matter jurisdiction over a particular cause of action asserted against any defendant, where Congress legitimately vests federal courts with exclusive jurisdiction over that cause of action. See Gulf Offshore Company v. Mobil Oil Corporation, 453 U.S. 473, 101 S.Ct. 2870, 69 L.Ed.2d 784 (1981).

. We note, but need not address because of our resolution of- the issue, the potential problem in characterizing this claim as a third party demand under La.Code Civ.P. art. 1111.

. The same result pertains to all United States defendants, although this particular cause of action was addressed with respect to the Postal Service, because of the broad waiver of sovereign immunity in suits against it not found with respect to the other federal entities involved in this lawsuit.