## MISSISSIPPI ET AL. *v.* LOUISIANA ET AL.

No. 91–1158.   Argued November 9, 1992—Decided December 14, 1992

REHNQUIST, C. J., delivered the opinion for a unanimous Court.

*James W. McCartney* argued the cause for petitioners. With him on the briefs were *Robert R. Bailess, Charles Alan Wright, Mike Moore, Robert E. Sanders,* and *Richard H. Page.*

*Gary L. Keyser*, Assistant Attorney General of Louisiana, argued the cause for respondents. With him on the brief were *Richard P. Ieyoub*, Attorney General of Louisiana, and *E. Kay Kirkpatrick*, Assistant Attorney General.

CHIEF JUSTICE REHNQUIST delivered the opinion of the Court.

This action was originally commenced by private plaintiffs suing other private defendants in the District Court for the Southern District of Mississippi to quiet title to certain land riparian to the Mississippi River. The State of Louisiana intervened in the action and filed a third-party complaint against the State of Mississippi seeking to determine the boundary between the two States in the vicinity of the disputed land. We hold that 28 U. S. C. § 1251(a), granting to this Court original and exclusive jurisdiction of all controversies between two States, deprived the District Court of jurisdiction of Louisiana's third-party complaint against Mississippi.

The land in question lies along the west bank of the Mississippi River near Lake Providence, Louisiana. The private plaintiffs, known as the Houston Group, alleged that they own the land in fee simple as a result of a homestead patent issued by the United States in 1888 and a deed issued by Mississippi in 1933. Louisiana and the Lake Providence Port Commission intervened in the title dispute and filed a third-party complaint against Mississippi seeking a determination of the boundary between the States. Louisiana then sought leave to file a bill of complaint against Mississippi in this Court. Mississippi opposed the motion in view of the pendency of the District Court action, and also emphasized that the case was originally a dispute between private parties: "Houston brought the suit to establish the boundary line to their land. It is incidental that the boundary line is also alleged to be the State line." App. to Pet. for Cert. 86a.

We denied leave to file, *Louisiana* v. *Mississippi*, 488 U. S. 990 (1988).

The District Court thereafter found that the thalweg, frozen by an avulsive shift in the river, was to the west of the disputed land and thus placed it within Mississippi. Alternatively, the District Court concluded that the disputed land was part of Mississippi because "Louisiana has acquiesced in the exercise of the exclusive jurisdiction over the island by ... Mississippi." App. to Pet. for Cert. 40a. Having found the land to be part of Mississippi, the District Court then considered the ownership question and quieted title in the Houston Group.

The Court of Appeals reversed, rejecting the District Court's rulings both on the location of the thalweg and on acquiescence, *Houston* v. *Thomas*, 937 F. 2d 247 (CA5 1991). We granted certiorari on these two questions and on a third that we formulated: "Did the District Court properly assert jurisdiction over respondents' third-party complaint against petitioner State of Mississippi?" 503 U. S. 935 (1992). We now reverse.

The constitutional and statutory provisions necessary to our decision are these:

Article III, § 2, of the Constitution:

> "The judicial Power [of the United States] shall extend ... to Controversies between two or more States; ....
> "In all Cases affecting Ambassadors, other public Ministers and Consuls, and those in which a State shall be Party, the supreme Court shall have original Jurisdiction."

Title 28 U. S. C. § 1331: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Title 28 U. S. C. § 1251(a): "The Supreme Court shall have original and exclusive jurisdiction of all controversies between two or more States."

Mississippi, even though its contentions as to the boundary between itself and Louisiana were rejected by the Court of Appeals, urges us to find that the District Court had jurisdiction of the third-party complaint that Louisiana brought against it. Mississippi argues that our refusal to allow Louisiana to file an original complaint to determine the boundary between the two States must, by implication, have indicated that the District Court was a proper forum for the resolution of that question. This is particularly true, Mississippi argues, since its opposition to Louisiana's motion to file its complaint in this Court was premised in part on the contention that the boundary question could be determined in the then-pending action between the private landowners in the District Court. Mississippi asserts that that court had jurisdiction by virtue of 28 U. S. C. § 1331, which confers jurisdiction of all civil actions arising under federal law on the District Court.

If it were not for the existence of 28 U. S. C. § 1251(a), Mississippi's arguments would be quite plausible. We have said more than once that our original jurisdiction should be exercised only "sparingly." See *Wyoming* v. *Oklahoma,* 502 U. S. 437, 450 (1992); *Maryland* v. *Louisiana,* 451 U. S. 725, 739 (1981); *Arizona* v. *New Mexico,* 425 U. S. 794, 796 (1976). Indeed, Chief Justice Fuller wrote nearly a century ago that our original "jurisdiction is of so delicate and grave a character that it was not contemplated that it would be exercised save when the necessity was absolute." *Louisiana* v. *Texas,* 176 U. S. 1, 15 (1900). Recognizing the "delicate and grave" character of our original jurisdiction, we have interpreted the Constitution and 28 U. S. C. § 1251(a) as making our original jurisdiction "obligatory only in appropriate cases," *Illinois* v. *City of Milwaukee,* 406 U. S. 91, 93 (1972), and as providing us "with substantial discretion to make case-by-case judgments as to the practical necessity of an original forum in this Court," *Texas* v. *New Mexico,* 462 U. S. 554, 570 (1983).

We first exercised this discretion not to accept original actions in cases within our nonexclusive original jurisdiction, such as actions by States against citizens of other States, see *Ohio* v. *Wyandotte Chemicals Corp.*, 401 U. S. 493 (1971), and actions between the United States and a State, see *United States* v. *Nevada*, 412 U. S. 534 (1973). But we have since carried over its exercise to actions between two States, where our jurisdiction is exclusive. See *Arizona* v. *New Mexico, supra; California* v. *West Virginia*, 454 U. S. 1027 (1981); *Texas* v. *New Mexico, supra.* Determining whether a case is "appropriate" for our original jurisdiction involves an examination of two factors. First, we look to "the nature of the interest of the complaining State," *Massachusetts* v. *Missouri*, 308 U. S. 1, 18 (1939), focusing on the "seriousness and dignity of the claim," *City of Milwaukee, supra,* at 93. "The model case for invocation of this Court's original jurisdiction is a dispute between States of such seriousness that it would amount to *casus belli* if the States were fully sovereign." *Texas* v. *New Mexico, supra,* at 571, n. 18. Second, we explore the availability of an alternative forum in which the issue tendered can be resolved. *City of Milwaukee, supra,* at 93. In *Arizona* v. *New Mexico,* for example, we declined to exercise original jurisdiction of an action by Arizona against New Mexico challenging a New Mexico electricity tax because of a pending state-court action by three Arizona utilities challenging the same tax: "[W]e are persuaded that the pending state-court action provides an appropriate forum in which the *issues* tendered here may be litigated." 425 U. S., at 797 (emphasis in original).

But Mississippi's argument for jurisdiction in the District Court here founders on the uncompromising language of 28 U. S. C. § 1251(a), which gives to this Court "original and *exclusive* jurisdiction of all controversies between two or more States" (emphasis added). Though phrased in terms of a grant of jurisdiction to this Court, the description of our jurisdiction as "exclusive" necessarily denies jurisdiction of

such cases to any other federal court.[1]   This follows from the plain meaning of "exclusive," see Webster's New International Dictionary 890 (2d ed. 1942) ("debar from possession"), and has been remarked upon by opinions in our original jurisdiction cases, *e. g., California* v. *Arizona,* 440 U. S. 59, 63 (1979) ("[A] district court could not hear [California's] claims against Arizona, because this Court has exclusive jurisdiction over such claims").

Because the District Court lacked jurisdiction over Louisiana's third-party complaint against Mississippi, the judgment of the Court of Appeals is reversed insofar as it purports to grant any relief to Louisiana against Mississippi.   The District Court is conceded to have had jurisdiction over the claims of the private plaintiffs against the private defendants, and in deciding questions of private title to riparian property, it may be necessary to decide where the boundary lies between the two States.   Adjudicating such a question in a dispute between private parties does not violate § 1251(a), because that section speaks not in terms of claims or issues, but in terms of parties.[2]   The States, of course, are not bound by any decision as to the boundary between them which was rendered in a lawsuit between private litigants.   See *Durfee* v. *Duke,* 375 U. S. 106, 115 (1963).

Because both the District Court and the Court of Appeals in this case intermixed the questions of title to real property and of the location of the state boundary, we are not in a position to say whether on this record the claims of title may

---

[1] Neither party disputes Congress' authority to make our original jurisdiction exclusive in some cases and concurrent in others.   This distinction has existed since the Judiciary Act of 1789, § 13, 1 Stat. 80–81, and has never been questioned by this Court, see *Rhode Island* v. *Massachusetts,* 12 Pet. 657, 722 (1838); *Ames* v. *Kansas ex rel. Johnston,* 111 U. S. 449, 469 (1884).

[2] Mississippi and Louisiana do not question the District Court's jurisdiction over Louisiana's intervention in the title dispute.   Louisiana's intervention is also unaffected by § 1251(a) because it does not seek relief against Mississippi.

fairly be decided without additional proceedings in the District Court. We therefore reverse the judgment of the Court of Appeals insofar as it adjudicated the complaint filed by Louisiana against Mississippi, with instructions that it direct the District Court to dismiss the complaint for want of jurisdiction. We remand the balance of the case to the Court of Appeals for the necessary inquiry as to whether further proceedings are required in order to adjudicate the claims of title in this action.

*It is so ordered.*