894 F.Supp. 1345 (1995)
UNITED STATES of America, ex rel. Norman LAMAR, Plaintiffs,
v.
William J. BURKE and Arsenal Credit Union, Defendants.
No. 4:93CV01753 GFG.
United States District Court, E.D. Missouri, Eastern Division.
August 21, 1995.
*1346 Bruce C. Cohen, Partner, Feldacker and Cohen, St. Louis, MO, for plaintiffs.
Louis J. Basso, Partner, Gary E. Snodgrass, Rabbitt and Pitzer, St. Louis, MO, for William J. Burke.
Gary W. Bomkamp, Vice-President, Roberts and Perryman, St. Louis, MO, for Arsenal Credit Union.
Claire M. Schenk, Office of U.S. Attorney, St. Louis, MO, for U.S.

ORDER
GUNN, District Judge.
This matter is before the Court on the motion to dismiss, or in alternative for summary judgment, of defendant William J. Burke.
Relator Norman Lamar filed this qui tam action on behalf of the United States against defendants Burke and Arsenal Credit Union ("ACU"). The complaint contains three counts. Count I seeks penalties and damages pursuant to the False Claims Act, 31 U.S.C. §§ 3729-3733. Counts II and III are both for wrongful discharge pursuant to 31 U.S.C. § 3730(h) and state law respectively.
The parties have settled Count I, and plaintiff voluntarily dismissed Count III. Count II remains. Defendant Burke has filed a motion to dismiss, or in the alternative for summary judgment, regarding Count II. Relator opposes that motion.
Relator has alleged the following facts. Burke is the President of defendant ACU, a credit organization. Burke hired relator to work as a loan manager for ACU in March of 1993. Relator was responsible for preparing reports to the federal government, including Forms 799 for payments of interest and special allowances on guaranteed student loans.
During his first month, relator became aware of current and past claims filed by ACU with the federal government for payments of interest and special allowances on student loans. Such sums were not permitted due to the loss of student loan guarantees and other underlying problems. So, plaintiff informed defendant Burke and others at ACU that corrected Forms 799 would have to be filed with the federal government to notify them of improper billings.
The corrected Forms 799 were prepared by May 5, 1993. However, Burke told relator to dispose of them. At that time the relator again informed Burke that the federal government would have to be notified of the improper billings through the filing of the corrected Forms 799. On May 13, 1993, Burke signed the current Form 799 which removed claims on the accounts having lost their loan guarantees; however, Burke did not notify the government of past improper billings on those accounts.
On July 7, 1995, relator informed Burke that he would not sign any more Forms 799 unless the federal government was notified of the past improper billings. Burke fired relator for failing to sign the Forms 799. Relator claims that he was discharged "as a result of his investigations for initiation of an action to be filed under the False Claims Act, and as a result of his failure and refusal to knowingly make or use false records or statements to get false or fraudulent claims paid by the Federal government or to conspire to defraud the government by getting such false or fraudulent claims allowed or paid." (Compl. ¶ 55.) On July 8 or 9, 1993, relator provided the federal government with documents revealing the false claims made by ACU.
Section 3730(h) of the False Claims Act provides in relevant part:
Any employee who is discharged, demoted, suspended, threatened, harassed or in any *1347 other manner discriminated against in the terms or conditions of employment by his or her employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under this section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole.
31 U.S.C. § 3730(h). Relator alleges that defendants violated this section of the False Claims Act when they fired him in July, 1993. Defendant Burke, however, argues that he is not an "employer" under § 3730(h). He asserts that relator is employed by defendant ACU, the business, and not by Burke, who is merely an officer, another employee, of the business. Relator urges that this Court should liberally construe remedial statutes and that, as such, "employer" should encompass Burke because he actually fired relator.
Any interpretation of a statute must begin with its plain language. Good Samaritan Hosp. v. Shalala, ___ U.S. ___, ___, 113 S.Ct. 2151, 2157, 124 L.Ed.2d 368 (1993). "In ascertaining the plain meaning of the statute, the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole." K Mart v. Cartier, Inc., 486 U.S. 281, 291, 108 S.Ct. 1811, 1818, 100 L.Ed.2d 313 (1988).
The statute in this case does not define "employer." Therefore, this Court should construe "employer" "in accord with its ordinary and natural meaning." Director, Office of Workers' Compensation v. Greenwich Collieries, ___ U.S. ___, ___, 114 S.Ct. 2251, 2255, 129 L.Ed.2d 221 (1994). Dictionaries are one source of a word's plain meaning. Mississippi v. Louisiana, ___ U.S. ___, ___, 113 S.Ct. 549, 553, 121 L.Ed.2d 466 (1992). Accordingly, an "employer" is defined as the "owner of any enterprise (as a business or manufacturing firm)," "such an enterprise," and "an agent acting for such enterprise in employing persons." Webster's Third New International Dictionary 743 (1981).
Case law addressing § 3730(h) and other federal "whistleblower" provisions[1] does not provide this Court with any guidance regarding the issue of whether "agent" in the common definition above, or "employer" generally, should be construed to include an officer of a corporation. However, case law construing Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., does offer some instruction.
Title VII makes it unlawful for an employer to discriminate against an employee or applicants for employment because that person has opposed any practice made unlawful by the statute or because that person "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). The language is analogous to that of § 3730(h), and both statutes share a remedial purpose. However, unlike the False Claims Act, Title VII contains a definition of "employer." An "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees ... and any agent of such person." 42 U.S.C. § 2000e(b). The statute's definition of "person" includes individuals and corporations. 42 U.S.C. § 2000e(a).
Because Title VII's definition of "employer" refers to an "agent" and individuals, Courts are split over whether the statute subjects corporate supervisors to individual liability. Compare Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510-11 (4th Cir.), cert. denied, ___ U.S. ___, 115 S.Ct. 666, 130 L.Ed.2d 600 (1994); Lankford v. City of Hobart, 27 F.3d 477, 480 (10th Cir. 1994); Grant v. Lone Star Co., 21 F.3d 649, 653 (5th Cir.), cert. denied, ___ U.S. ___, 115 S.Ct. 574, 130 L.Ed.2d 491 (1994); Miller *1348 v. Maxwell's Int'l Inc., 991 F.2d 583, 587 (9th Cir.1993), cert. denied, ___ U.S. ___, 114 S.Ct. 1049, 127 L.Ed.2d 372 (1994); Busby v. Orlando, 931 F.2d 764, 772 (11th Cir.1991) (collectively finding that an employee-supervisor cannot be sued in his or her individual capacity under Title VII or the ADEA) with Sauers v. Salt Lake County, 1 F.3d 1122, 1125 (10th Cir.1993); Paroline v. Unisys. Corp., 879 F.2d 100 (4th Cir.1989), vacated in part, 900 F.2d 27 (4th Cir.1990); Hamilton v. Rodgers, 791 F.2d 439, 442-43 (5th Cir.1986) (finding that an employee-supervisor can be sued in his or her individual capacity under Title VII). However, this Court and others within this district consistently have found persuasive those decisions rejecting the personal liability of individual supervisors under Title VII. Carter v. Lutheran Medical Ctr., 879 F.Supp. 94, 95 (E.D.Mo.1995); Henry v. E.G. & G. Missouri Metals Shaping Co., 837 F.Supp. 312, 314 (E.D.Mo.1993); Russell v. City of Overland Police Dep't, 838 F.Supp. 1350, 1352 (E.D.Mo.1993).
Furthermore, in a recent decision, the Eighth Circuit looked to federal case law addressing supervisor liability under Title VII for guidance in the interpretation of analogous provisions in the Missouri Human Rights Act, Mo.Rev.Stat.Ch. 213. Lenhardt v. Basic Inst. Of Tech., Inc., 55 F.3d 377, 379-81 (8th Cir.1995). Although the Lenhardt court was not faced with the Title VII issue, it found compelling the analysis of those courts holding that supervisors and other employees cannot be held liable under Title VII in their individual capacities. Id. at 381.
This Court finds persuasive the reasoning of those courts holding that Title VII does not impose individual liability on corporate supervisors. The definition of "employer" under Title VII is broader than that word's ordinary and natural meaning: Title VII extends to "any agent" while the dictionary definition of "employer" includes only those agents "acting for such enterprise in employing persons." Yet, the cases cited above interpret the Title VII definition as not extending to corporate supervisors. As such and in light of the similar remedial purposes behind Title VII and "whistleblower" provisions generally, this Court will interpret the ordinary and natural meaning of "employer" as not extending to corporate supervisors.[2] Therefore, the Court will grant defendant Burke's motion to dismiss for failure to state a claim. Accordingly,
IT IS HEREBY ORDERED that defendant Burke's Motion to Dismiss (Doc. No. 19) is granted.
IT IS FURTHER ORDERED that plaintiff's complaint is dismissed as against Burke with prejudice.
NOTES
[1] Toxic Substances Control Act, 15 U.S.C. § 2622; Federal Surface Mining Control and Reclamation Act, 30 U.S.C. § 1293; Water Pollution Control Act, 33 U.S.C. § 1367; Energy Reorganization Act, 42 U.S.C. § 5851, Clean Air Act, 42 U.S.C. § 7622; Safe Drinking Water Act, 42 U.S.C. § 300j-9(I); Toxic Substances Control Act, 15 U.S.C. § 2622; Federal Surface Mining; Solid Waste Disposal Act, 42 U.S.C. § 6971; and Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9610.
[2] The Court notes that relator himself admitted in his deposition that he considers ACU, and not Burke, to be his "employer." (Lamar Dep. at 102-103.)