Robert C. O'NEAL, Jeff O'Neal, Scott R. O'Neal, James Hamacher, Mary Jean Hamacher, David B. Hamacher, John T. O'Donnell, Vivian J. O'Donnell, John T. O'Donnell, II, Drusanne O'Donnell, Katie O'Donnell, a Minor, by John T. and Drusanne O'Donnell,

Her Parents and Guardians, Eileen S. Kroh, Dana J. Miller, Philip P. Riedel, Kerper W. Riedel, Theodore P. Riedel, Christina Riedel, William B. Whittock, Irene E. Whittock, and Susan Whittock, Appellants

v.

DEPARTMENT OF the ARMY OF the UNITED STATES of America and the United States of America, Appellee.

Redland Soccer Club, Inc., Bretni Brink, a Minor, by Tamara Brink, Ryan Brink, a Minor, by Tamara Brink, Joseph Brtalik, Carole G. Brtalik, Joseph J. Brtalik, Brian Brtalik, Wendy Brtalik, a Minor, by Joseph and Carole G. Brtalik, Theodore F. Burd, Diane M. Burd, Christopher T. Burd, a Minor, by Theodore F. and Diane M. Burd, Gregory C. Burd, a Minor, by Theodore F. and Diane M. Burd, Dewitt J. Cline, Jr., Jan M. Cline, Eric J. Cline, a Minor, by Dewitt J., Jr. and Jan M. Cline, Jeromy J. Cline, a Minor, by Dewitt J., Jr. and Jan M. Cline, Ronald W. Danner, Danielle M. Danner, a Minor, by Ronald W. Danner, Craig A. Danner, a Minor, by Ronald W. Danner, Theodore J. Elliott, Frances M. Elliott, Todd Elliott, a Minor, by Theodore F. and Frances M. Elliott, Tracey Elliott, a Minor, by Theodore J. and Frances M. Elliott, Steven W. Haas Irma L. Rodgers–Haas, Anthony M. Rodgers, a Minor, by Steven W. Haas and Irma L. Rodgers–Haas, Nicole C. Rodgers, a Minor, by Steven W. Haas and Irma L. Rodgers–Haas, Lawrence E. Hager, Ruth A. Hager, Samuel Hager, Benjamin Hager, a Minor, by Lawrence and Ruth Hager, Shawn Hager, a Minor, by Lawrence and Ruth Hager, Edward Hockenberry, Mary L. Hockenberry, Brett R. Hockenberry, a Minor, by Edward and Mary L. Hockenberry, Roger L. Hockenberry, Patricia D. Hockenberry, Keric L. Hockenberry, a Minor, by

Roger L. and Patricia D. Hockenberry, Kodi B. Hockenberry, a Minor, by Roger L. and Patricia D. Hockenberry, Klint D. Hockenberry, a Minor, by Roger L. and Patricia D. Hockenberry, David G. Hooper, Priscilla G. Hooper, David G. Hooper, Ii, John H. Knaub, Deborah J. Knaub, Derek J. Knaub, a Minor, by John H. and Deborah J. Knaub, Sean M. Knaub, a Minor, by John H. and Deborah J. Knaub, Thomas R. Krause, Robert A. Krause, a Minor, by Thomas R. Krause, Richard H. Lebo, Donna Lebo, Trisha Lebo, a Minor, by Richard and Donna Lebo, Kristina Lebo, a Minor, by Richard and Donna Lebo, Ralph E. McCarty, Gale P. McCarty, Joshua H. McCarty, a Minor, by Ralph E. and Gale P. McCarty, Lucas P. McCarty, a Minor, by Ralph E. and Gale P. McCarty, James P. Meyers, Kim Meyers, Samantha Meyers, a Minor, by James and Kim Meyers, Brett Meyers, a Minor, by James and Kim Meyers, Thomas M. Morrow, Meredith S. Morrow, Gregory M. Morrow, a Minor, By Thomas M. and Meredith S. Morrow, Geoffrey T. Morrow, a Minor, by Thomas and Meredith S. Morrow, Jack E. Muth, Kathleen L. Muth, Robert C. Muth, a Minor, by Jack and Kathleen L. Muth, John A. Nace, Jr., Linda M. Nace, Michael Nace, a Minor, by John A. and Linda M. Nace, Robert Nace, a Minor, by John A. and Linda M. Nace, Kenneth E. Nace, Pamela R. Nace, Jeremy M. Nace, a Minor, by Kenneth E. and Pamela R. Nace, Kevin E. Nace, a Minor, by Kenneth E. and Pamela R. Nace, Melissa A. Nace, a Minor, by Kenneth E. and Pamela R. Nace, Dean G. Newhouse, Norma J. Newhouse, Martin Newhouse, Eric Newhouse, Benjamin Newhouse, a Minor, by Dean G. and Norma J. Newhouse, Peter P. O'Neill, Alice L. O'Neill, Peter O'Neill, Patrick O'Neill, Paul O'Neill, Patricia A. Palm, Dylan T. Buckwalter, a Minor, by Patricia A. Palm, Michelle A. Buckwalter, a Minor, by Patricia A. Palm, Robert J. Pontius, Cindy L. Pontius, Jay Pontius, a Minor, by Robert J. and Cindy L. Pontius, Debra S. Popp, Andrew J. Popp, a Minor by Debra S. Popp, Thomas M. Rados, a Minor, by Sonja Rados, William P. Rehm, Jr., Kimberly A. Rehm, David A. Rehm, a Minor, by William P., Jr. and Kimberly A. Rehm, Andar A. Rehm, a Minor, by William P. Jr., and Kimberly A. Rehm, Deon J. Rehm, a Minor, by William P., Jr. and Kimberly A. Rehm, Michelle D. Rehm, a Minor, by William P., Jr. and Kimberly A Rehm, Ken Ribble, Susan Ribble, Scott Ribble, a Minor, by Ken and Susan Ribble, Mark Ribble, a Minor, by Ken and Susan Ribble, Nevin C. Shenck, Jr., Lisa L. Shenck, Nathan S. Shenck, Aaron M. Shenck, a Minor, by Nevin C., Jr. and Lisa L. Shenck, Rebecca Shenck, a Minor, by Nevin C., Jr. and Lisa L. Shenck, Bradley Shirk, Richard V. Spong, Sr., Julia A. Spong, Richard V. Spong, Jr., Nathan M. Spong, Joelle L. Spong, Barry L. Stone, Matthew D. Stone, Corey J. Stroman, a Minor, by Lowell R. and Debra J. Stroman, Donna L. Szoszorek, Shannon M. Szoszorek, a Minor, By Donna L. Szoszorek, Shayna M. Szoszorek, a Minor, by Donna L. Szoszorek, Eugene K. Torbek, Erik P. Torbek, a Minor, by Eugene K. Torbek, Donald Williamson, Elizabeth M. Williamson, Michael Williamson, a Minor, by Donald and Elizabeth Williamson, William B. Wirt, Pamela A. Wirt, Christine E. Wirt, Kevin M. Wirt, Timothy B. Wirt, a Minor, by William B. And Pamela A. Wirt, Bryan C. Wirt, a Minor, by William B. and Pamela A. Wirt, Burlin Covert, Joseph Dorwart, III, Patricia A. Dorwart, Joseph Dorwart, IV, a Minor, by Joseph Dorwart, III, and Patricia Dorwart, Alicia Dorwart, a Minor, by

Joseph Dorwart, III, and Patricia Dorwart, Brent Dorwart, a Minor, by Joseph Dorwart, III, and Patricia Dorwart, Jack H. Hershberger, Jr., June Hershberger, Larry Smart, Carol Smart, Jeffrey Smart, a Minor, by Larry and Carol Smart, Crystal Smart, a Minor, by Larry and Carol Smart, Glenn Diller, Dale Kahler, Robert E. Kane, Terrence L. Kemberling, David A. Kupp, E. Robert McCollum, Herbert D. Myers, and Wilbur Yorty, Appellants,

v.

Department of the Army of the United States of America and the United States of America, Appellee.

Superior Court of Pennsylvania.

Argued Sept. 28, 1999.

Filed Dec. 3, 1999.

Angela L. Dumm, Harrisburg, for appellants.

Christina Humway, Washington, DC, pro hac, for appellee.

Before McEWEN, President Judge, and CAVANAUGH, and STEVENS, JJ.

CAVANAUGH, J.:

¶ 1 This is a lawsuit by users of a tract of land and consumers of well water which was contaminated by the conduct of appellees Department of Army, et. al. The suit seeks medical monitoring in aid of protecting against disease or other physical disorder which might be suffered as a result of exposure to the contamination. The litigation has taken a tortuous path through our state and federal courts for almost a decade. The most recent appellate pronouncement was in the form of a decision by our Supreme Court.[1] Therein, the court remanded the matter to the trial court after deciding; A) that the plaintiffs had made out a *prima facie* case for special medical monitoring under the Pennsylvania Hazardous Sites Cleanup Act (H.S.C.A.), 35 P.S. § 6020.101 *et seq.*, sufficient to survive a motion for summary judgment; B) the recovery of attorney fees is not prohibited under H.S.C.A. and is, therefore, permissible. Coincidentally, the court reserved for decision an issue of sovereign immunity "for the trial court's disposition of this case on remand."

¶ 2 On remand, the trial court denied defendants' motion for summary judgment, but on reconsideration, granted it in part and denied it in part. The defendants then moved for dismissal on the issue of lack of subject matter jurisdiction. The court granted this motion and dismissed. This order is the subject of the present appeal.

### Discussion

¶ 3 We start with the proposition that appellants, having brought suit against government agencies (Department of Army, Department of Defense) for damages and injunctive relief, have brought an action against the United States. *Dugan v. Rank*, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963); *Land v. Dollar*, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947); *Larson v. Domestic and Foreign Commerce Corp.*, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949).

¶ 4 Given that the United States must be considered as the defendant in this action, we proceed to the principle that the United States enjoys sovereign immunity and may not be sued without its consent. *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *Kansas v. United States*, 204 U.S. 331, 27 S.Ct. 388, 51 L.Ed. 510 (1907). As a corollary to its right of immunity, it

---

1. *Redland Soccer v. Department of Army*, 548 Pa. 178, 696 A.2d 137 (1997). In this decision Madame Justice Newman included a detailed history of the litigation.

follows that the sovereign may waive its privilege through the instrumentality of the United States Congress and when waiver is granted, the statutory language is to be conservatively construed. *U.S. v. Sherwood, supra.* "The matter is not one of procedure, but of jurisdiction whose limits are marked by the Government's consent to be sued." *Id.* at 591, 61 S.Ct. 767. More recently, the Supreme Court has instructed that courts must construe ambiguities in favor of immunity and that lack of clearly expressive waiver may not be interpreted as an intent to subject the Federal Government to damages. *Lane v. Pena,* 518 U.S. 187, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996). When a waiver of immunity is enacted, any limitation on the choice of forum for pursuit of the litigation must be strictly construed. *United States v. Nordic Village, Inc.,* 503 U.S. 30, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992); *Minnesota v. United States,* 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235 (1939); *United States v. Sherwood, supra* ; *Mississippi v. Louisiana,* 506 U.S. 73, 113 S.Ct. 549, 121 L.Ed.2d 466 (1992).

¶ 5 Presently, the waiver of governmental immunity for environmental contamination responsibility exists, if at all, under the terms of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9601 *et seq.* (CERCLA). The CERCLA statute provides for limited jurisdiction in the federal district courts for all controversies arising under its aegis (with limited exceptions not here applicable):

42 U.S.C. § 9613

(b) Jurisdiction; venue

Except as provided in subsections (a) and (h) of this section, the United States district courts shall have exclusive original jurisdiction over all controversies arising under this chapter,[2] without regard to the citizenship of the parties or the amount in controversy. Venue shall lie in any district in which the release or damages occurred, or in which the defendant resides, may be found, or has his principal office. For the purposes of this section, the Fund shall reside in the District of Columbia.

¶ 6 Thus, we have a claim against the United States; pursuit of the claim is dependent on waiver of sovereign immunity; the waiver is provided in CERCLA; and CERCLA requires that the controversy be jurisdictionally limited to the federal court. Therefore, the trial court properly dismissed the suit.

### APPELLANTS' CLAIMS

¶ 7 The present issue is complicated by the fact that appellants are presently pursuing relief by way of medical monitoring under provisions of state law. Indeed, our Supreme Court interpreted the H.S.C.A.[3] in a manner favorable to appellants' contentions before remanding the case to the York County Court for further proceedings. The Court's interpretation of the Pennsylvania law, H.S.C.A., was germane in two respects; 1) CERCLA incorporates state laws concerning removal and remediation in its scope of environmental standards for enforcement, 42 U.S.C. § 9620(a)(4), and; 2) as noted by our Supreme Court, "when a state Supreme Court has not spoken on an issue, the federal court must predict how the state court would resolve the issue." *Redland Soccer,* 696 A.2d at 143. Here, of course, the decision represents the actual view of our highest court.

■ ¶ 8 Appellants argue that the provision of CERCLA, which incorporates states' environmental laws as part of its

---

2. But see the language of CERCLA as contained in the Statutes at Large, 94 Stat. 2767, which refers to "... all controversies arising under this Act ...." This language is also employed at 42 U.S.C.S. § 9613(b). It ap-

pears that both the phrase "this chapter" and "this Act" refer to CERCLA.

3. 35 P.S. § 6020.101 *et seq.*

enforcement responsibilities, acts as a congressionally enacted waiver of immunity with respect to claims (such as this) arising under state environmental laws. Thus, it is argued, this is a consent to be sued in state court. It is further argued that the CERCLA federal district court exclusivity provision relates only to CERCLA claims under other CERCLA provisions—but not to claims founded on state law such as instantly. Appellants do not offer any authority for the proposition that the limit of jurisdiction set out in § 9613(b) applies only to CERCLA founded claims and that claims pursuant to state environmental laws may proceed in state court, but instead limits their argument to an attempt to attack the authority of two decisions which are argued by the appellees and employed by the trial court in support of their position. *Livingston Parish Police Jury v. Acadiana Shipyard*, 563 So.2d 394 (La.Ct.App.1990) cert. denied 567 So.2d 108 (La.1990) and *American Lifestyle Homes, Inc. v. United States*, 17 Cl.Ct. 711 (1989).

¶ 9 Despite appellants' reading of the case, we find that *Livingston Parish Police* clearly recognized and applied the doctrine of sovereign immunity to a state law rooted environmental substance case. It was found that federal sovereign immunity bars state court subject matter jurisdiction absent congressional authority. The court unequivocally concluded:

> Although CERCLA expressly states that the United States shall be subjected to liability under its provisions, 42 U.S.C. § 9620, again, with very limited exceptions not applicable in this case, Section 9613 of CERCLA vests exclusive jurisdiction over controversies arising under it in the federal district courts.

*Id.* at 400.

¶ 10 Similarly, in *American Lifestyle Homes*, the court stated:

> The United States has waived its immunity as to claims arising under CERCLA only to the extent that such actions are maintained in the district court. In per-

tinent part CERCLA provides, "the United States district courts shall have exclusive original jurisdiction over all controversies arising under this Act...." 42 U.S.C. § 9613(b) (emphasis added). This jurisdictional limit must be strictly construed. Thus this court is prevented from asserting jurisdiction over matters arising under CERCLA which allows suit to be brought only in district court. *Id.* at 715.

■ ¶ 11 Appellants also argue that CERCLA is to be contrasted with federal court jurisdiction exclusivity under the Federal Tort Claims Act (F.T.C.A.), 28 U.S.C. § 2671 et seq. It is asserted that the F.T.C.A. demonstrates that when Congress intends to provide for federal court exclusivity even in cases based upon state law, Congress so states in clear and precise terms. (U.S. district court has "exclusive jurisdiction on claims.... In accordance with the law of a place where the act occurred.") Judicial Improvement Act, 28 U.S.C. § 1346(b).

¶ 12 The argument has no merit. The provision of CERCLA provides for exclusive U.S. District Court jurisdiction "over all controversies arising under this chapter." The right of enforcement of state law based on medical monitoring remedies is clearly a "controversy" within the broad terms of CERCLA jurisdiction. 42 U.S.C. § 9613(b).

¶ 13 Finally, appellants argue that the provision by which CERCLA subjected the United States to state law concerning removal and remedial action H.S.C.A. in itself confers jurisdiction in the state court. The provision pertinently states:

> 42 U.S.C. § 9620(a)(4) –
>
> State laws concerning removal and remedial action, including State laws regarding enforcement, shall apply to removal and remedial action at facilities owned or operated by a department, agency, or instrumentality of the United States or facilities that are subject of a deferral under subsection (h)(3)(c) when such facilities are not included on the National Priorities List.

¶ 14 In view of the fact that CERCLA contains a separate comprehensive jurisdiction and venue provision, 42 U.S.C. § 9613(b), there is no reason to assume that Congress meant to confer jurisdiction over the present controversy to the state courts. We find nothing in § 9620(a)(4) which may reasonably be interpreted as either a waiver of immunity or a vestiture of jurisdiction in the state courts.

■ ¶ 15 Appellants' last and separate argument is offered without the support of any citation of authority. It is simply that the trial court's dismissal on the basis of lack of jurisdiction is improper because it violates equitable principles. It is true that appellants' Statement of Facts contains a disturbing history of alarming land and water contamination over a significant land and water area and over a long period of years. It is also true that, upon affirmation of the instant trial court's dismissal, plaintiffs will have been rebuffed in both the state and federal forums, and their odyssey in the courts within this Commonwealth may be at an end. Moreover, the claim of immunity was, at least arguably, belated in its assertion. However, the trial court was faced with a fundamental question of law, its jurisdiction to hear the case and it decided that it was without jurisdiction. Our duty is limited to reviewing that decision. There is no other issue properly before us.[4]

¶ 16 In sum, we decide that the present claim against the United States must be pursued in strict accordance with the waiver of sovereign immunity; that waiver is found in CERCLA and CERCLA limits jurisdiction to the United States district courts. There is no other cognizable issue properly before us.

¶ 17 Order of dismissal affirmed.

---

4. As our Supreme Court noted in its consideration of this case, the defense of sovereign immunity may be raised at any time. Citing *Tulewicz v. SEPTA*, 529 Pa. 588, 606 A.2d 427 (1992).