Dennis L. **STOHLER, M.D., P.C., on behalf of himself and all other persons similarly situated, Plaintiffs,**

v.

Nancy **MENKE, in her official capacity as Commissioner of the Tennessee Department of Health; John D. Ferguson, in his official capacity as Commissioner of the Tennessee Department of Finance and Administration; Douglas M. Sizemore, in his official capacity as Commissioner of the Tennessee Department of Commerce and Insurance; and Donna E. Shalala, in her official capacity as Secretary of the Department of Health and Human Services, an agency of the United States of America, Defendants.**

No. 1:96–CV–557.

United States District Court,
E.D. Tennessee.

Nov. 10, 1997.

Charles W. Dooley, Alan B. Easterly, Leitner, Williams, Dooley and Napolitan, PLLC, Chattanooga, TN, Harvey J. Barnett, Harvey J. Barnett & Associates, PC, Chicago, IL,

Bruce S. Sperling, Sperling, Slater & Spitz, PC, Chicago, IL, for Plaintiffs Dennis L. Stohler, M.D., P.C. and St. Barnabas Nursing Home, Inc.

Michelle Hohnke Joss, State of Tennessee, Office of the Attorney General, Nashville, TN, M. Kent Anderson, U.S. Department of Justice, Office of U.S. Attorney, Chattanooga, TN, Brian G. Kennedy, Sheila M. Lieber, U.S. Department of Justice, Civil Division, Washington, DC, for Defendants Fredia S. Wadley, John D. Ferguson, Douglas M. Sizemore and Donna Shalala.

David L. Steed, Cornelius & Collins, Nashville, TN, Marc E. Overlook, Nashville, TN, Robert W. McCann, Allen V. Farber, James A. Barker, Green, Stewart, Farber & Anderson, P.C., Washington, DC, for Amicus Tennessee Medical Ass'n, and American Medical Ass'n.

### *MEMORANDUM*

EDGAR, District Judge.

### I.

This case is before the Court on the plaintiffs' motion (Court File No. 52) to amend their complaint; the motion (Court File No. 50) of defendant Donna E. Shalala, Secretary of Health and Human Services, (the "Secretary") for judgment on the pleadings; and the motion (Court File No. 47) to dismiss pursuant to FED. R. CIV. P. 12 of defendants Nancy Menke, John D. Ferguson, and Douglas M. Sizemore, who are State of Tennessee officials sued in their official capacity (the "State"). This is a class action comprised of physicians who have a quarrel with the State of Tennessee and the federal government about the manner in which they have administered the Medicare and Medicaid provisions of the Social Security Act. These physicians have provided services covered by Medicare Part B to "qualified Medicare beneficiaries" ("QMBs"). QMBs are persons who meet a statutorily defined poverty level. The State participates in the Medicaid program and receives federal funds therefor. Amounts paid by the State as Medicaid benefits are less than those paid by the federal government for Medicare Part B beneficiaries. The

State has purchased Medicare Part B coverage for QMBs. However, with the acquiescence of the Secretary, the State has only paid for medical services rendered to QMBs at the lower Medicaid rate.[1] When this case was brought, the plaintiffs claimed as a matter of statutory interpretation that they were entitled to receive payment for services to QMBs at the Medicare Part B level, and they specifically sought a declaratory judgment to that effect as well as prospective injunctive relief.

Unfortunately for the plaintiffs, on August 5, 1997, The President signed into law the Balanced Budget Act of 1997 wherein Congress amended the Social Security Act to specifically provide that states need only pay the lower Medicaid benefits for QMBs. Congress also specifically said this would apply to pending lawsuits such as the present case. Balanced Budget Act of 1997, Pub.L. No. 105–33, 111 Stat. 251, Sec. 4714 (Aug. 5, 1997) (to be codified at 42 U.S.C. § 1396a). The plaintiffs now seek to amend their complaint to allege a "new federal question and a significant constitutional question," namely that the above-cited provisions of the Balanced Budget Act of 1997, "are violative of the Fifth Amendment of the United States Constitution's 'takings' and Due Process Clause. Further, the provisions, as they are retroactively applied, attempt to change, unilaterally undermine, and take away the vested property and contract rights of the Plaintiff Class."

## II.

While motions to amend[2] a complaint should generally be "freely granted when justice requires," leave to amend need not be granted "when the amendment would be futile." *Frank v. D'Ambrosi,* 4 F.3d 1378, 1384 (6th Cir.1993) (citing *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)); *Thiokol Corp. v. Dept. of Treasury, State of Michigan, Revenue Div.,* 987 F.2d 376, 383 (6th Cir.1993); *Marx v. Centran Corp.,* 747 F.2d 1536, 1550 (6th Cir.1984), *cert. denied,* 471 U.S. 1125, 105 S.Ct. 2656, 86 L.Ed.2d 273 (1985). It is clear that allowing the plaintiffs' proposed amendment to the complaint in this case would indeed be futile.

The plaintiffs' constitutional arguments ultimately depend upon whether they possessed a vested property right. The plaintiffs, along with *amici,* the Tennessee Medical Association and the American Medical Association, argue the Social Security Act was tantamount to a contract with physicians to pay them benefits at Medicare Part B levels for treatment of QMBs. It is unclear whether the plaintiffs are saying they had a contract with the State, the federal government, or both.

The plaintiffs say that since four federal appeals courts had upheld their interpretation of the statute,[3] Congress in the Balanced Budget Act has now taken away from them a vested contractual, or at least statutory, right. There are two problems with this argument. First, while there is certainly persuasive authority for the plaintiffs' interpretation of the Social Security Act as it read prior to August 5, 1997, that interpretation is not, in basketball parlance, a "slam dunk." There is a dissent in two of the courts of appeals cases[4] and three of those cases reverse district courts which had held to the

---

1. A much more comprehensive summary of the statutory and factual origin of this case can be found in other cases on the same subject. *See Rehabilitation Association of Virginia, Inc. v. Kozlowski,* 42 F.3d 1444 (4th Cir.1994), *cert. denied,* 516 U.S. 811, 116 S.Ct. 60, 133 L.Ed.2d 23 (1995), and other cases cited at n. 3 *infra.*

2. The Secretary correctly points outs out that since the events which gave rise to plaintiffs motion occurred after the filing of the complaint, the motion should properly be termed a motion to "supplement" under FED R. CIV. P. 15(d). However, the standards under which this Court decides to allow the motion are similar. *See* 6A CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1504 (2d ed.1990).

3. *Rehabilitation Association,* 42 F.3d 1444; *Haynes Ambulance Service, Inc. v. State of Alabama,* 36 F.3d 1074 (11th Cir.1994); *Pennsylvania Medical Society v. Snider,* 29 F.3d 886 (3d Cir.1994); *New York City Health and Hospitals v. Perales,* 954 F.2d 854 (2d Cir.), *cert. denied,* 506 U.S. 972, 113 S.Ct. 461, 121 L.Ed.2d 369 (1992).

4. *Kozlowski, supra,* n. 3; *Perales, supra,* n. 3

contrary.[5] As the Secretary has pointed out, there are some recent district court cases favoring the Secretary's interpretation of the statute.[6] The issue is also reported to be pending before the Seventh and Ninth Circuits, but not yet decided.

■ Second, the general rule is, absent some clear indication by a legislative body that it intends to bind itself contractually, there is a presumption a law is not intended to create private contractual or vested property rights, but rather the law merely declares a policy to be pursued until a legislative body ordains otherwise. *National Railroad Passenger Corp. v. Atchison, Topeka & Santa Fe Ry. Co.,* 470 U.S. 451, 465–66, 105 S.Ct. 1441, 84 L.Ed.2d 432 (1985); *Dodge v. Board of Education of City of Chicago,* 302 U.S. 74, 79, 58 S.Ct. 98, 82 L.Ed. 57 (1937); *Pittman v. Chicago Board of Education,* 64 F.3d 1098, 1104 (7th Cir.1995), *cert. denied,* 517 U.S. 1243, 116 S.Ct. 2497, 135 L.Ed.2d 189 (1996). There is no indication here that Congress, through the Medicare and Medicaid provisions of the Social Security Act, intended to create a contract with, or other vested right in, physicians to pay for services rendered to QMBs at the Medicare Plan B level. In fact, both the Secretary and the State have consistently taken the position the statute did not require such payments. The cases cited by plaintiffs in support of their due process argument are not helpful because they all involve instances where the government had in fact entered into contracts. *United States v. Winstar Corp.,* 518 U.S. 839, 116 S.Ct. 2432, 135 L.Ed.2d 964 (1996) (contracts entered into between savings and loan corporations and Federal Home Loan Bank Board); *Perry v. United States,* 294 U.S. 330, 55 S.Ct. 432, 79 L.Ed. 912 (1935) (government bonds); *Lynch v. United States,* 292 U.S. 571, 54 S.Ct. 840, 78 L.Ed. 1434 (1934) (term insurance policies). Thus, even if the plaintiffs' proposed amendment were to be allowed, their principal contention is likely to be found meritless.

## III.

■ Plaintiffs have a pending claim before the Tennessee Claims Commission in which they seek monetary damages from the state. The only tangible relief plaintiffs could ever have been entitled to in this federal case consistent with the Eleventh Amendment was prospective injunctive relief. *Green v. Mansour,* 474 U.S. 64, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985). Since Congress, at least on August 5, 1997, has made it clear states need not reimburse physicians in excess of Medicaid levels, no prospective relief can be granted in this case. Plaintiffs say, however, they should be permitted to amend their complaint because they, if successful, could obtain a declaratory judgment which they might use in the state proceedings, perhaps as *res judicata* on the issue of liability. As the Supreme Court pointed out in *Green,* this would result in an impermissible end run around the Eleventh Amendment, which prohibits federal courts from awarding monetary damages against a state. *Green,* 474 U.S. at 73; *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Thus even if the plaintiffs were to be allowed to amend their complaint, and even if their constitutional claims have merit, this Court could not give them a declaratory judgment.

## IV.

■ Under Article III of the United States Constitution, this Court is only empowered to decide "cases or controversies." When a case is moot, there is no "case or controversy." *Carras v. Williams,* 807 F.2d 1286, 1289 (6th Cir.1986). A case is moot when there is no prospect that its decision will have an impact on the parties. 13A CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3533 (2nd ed.1984); *Murphy v. Hunt,* 455 U.S. 478, 481, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982) (per curiam). Congressional enactment of the Balanced Budget Act of 1997 changed the circumstances of this

---

**5.** *Haynes, supra,* n. 2; *Snider, supra,* n. 3; and *Perales, supra* n. 3

**6.** *Dameron Physicians Medical Group, Inc. v. Shalala,* 961 F.Supp. 1326 (N.D.Cal.1997); *Kulkarni v. Leean,* 1997 WL 527674 (W.D.Wis. June 23, 1997).

case to foreclose relief from this Court. This case is, therefore, **MOOT.** The Court has no constitutional power to decide it. *Berger v. Cuyahoga County Bar Ass'n,* 983 F.2d 718, 724 (6th Cir.), *cert. denied,* 508 U.S. 940, 113 S.Ct. 2416, 124 L.Ed.2d 639 (1993).

An order will enter **DENYING** plaintiffs' motion to amend and **GRANTING** the Secretary's motion for judgment on the pleadings as well as the State's motion to dismiss. The plaintiffs' motion (Court File No. 52) for judgment on the pleadings or summary judgment will be **DENIED as MOOT,** because that motion is predicated on the proposed amendment to the complaint.

### *ORDER*

For the reasons expressed by the Court in its memorandum filed herewith, it is hereby **ORDERED:**

(1) The plaintiffs' motion (Court File No. 52) to amend their complaint is **DENIED;**

(2) The motion (Court File No. 50) of defendant Donna E. Shalala, Secretary of Health and Human Services, for judgment on the pleadings is **GRANTED;**

(3) The motion of defendants Nancy Menke, John D. Ferguson, and Douglas M. Sizemore (Court File No. 47) to dismiss pursuant to FED. R. CIV. P. 12 is GRANTED; and

(4) The plaintiffs' motion (Court File No. 52) for judgment on the pleadings or summary judgment is **DENIED as MOOT** because that motion is predicated on the proposed amendment to the complaint.